# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Robert Eliason, an individual and in his official capacity as Constable of North Las Vegas Township,

    Plaintiff

v.

Clark County, a political subdivision of the State of Nevada; the State of Nevada ex rel. Nevada Commission on Peace Officer Standards and Training,

    Defendants

Case No.: 2:17-cv-03017-JAD-CWH

**Order Granting Request to Certify Question to the Supreme Court of Nevada, Staying Case, and Denying Remaining Motions Pending Answer to Certified Question**

[ECF Nos. 41, 43, 54, 58, 59]

North Las Vegas Constable Robert Eliason brings this action to challenge the Clark County Board of Commissioners from removing him from office for failing to obtain a statutorily required certification. The Board claims its power to remove Eliason stems from Nevada Revised Statute 258.007, which requires constables to get certified by the Nevada Commission on Peace Officer Standards and Training (POST) as a category II peace officer within a year of appointment and provides that a constable who fails to do so "forfeits his . . . office and a vacancy is created. . . ." And it contends that Nevada Revised Statute 258.030 then authorizes the Board "to appoint a person to fill" that vacancy. Eliason sued the County and POST in state court and obtained a preliminary injunction preventing his forfeiture or replacement. When Eliason amended his complaint to add a claim under the Americans with Disabilities Act, the County removed this case to federal court.

Numerous motions are now pending. The County moves to vacate the preliminary injunction,[1] while Eliason seeks a declaratory judgment in his favor.[2] POST requests that I either abstain from deciding Eliason's state-law claims under the *Pullman* doctrine or certify the state-law questions to the Supreme Court of Nevada.[3] Eliason and POST have also filed cross motions for summary judgment on various issues.[4]

Because this case does not fall under the narrow category of cases from which federal courts may abstain, I deny POST's request for *Pullman* abstention. But because the crux of this action is a novel question of state law, I grant POST's alternate request to certify Eliason's state law questions. And because the Supreme Court of Nevada's answer will be dispositive of most issues in this case, I deny without prejudice all other pending motions and stay this case pending that answer.

**Background**

NRS 258.007[5] states that constables in townships with populations of 100,000 or more who fail to complete certification to become a category II peace officer "forfeit" their office and

---

[1] ECF No. 43.
[2] ECF No. 41.
[3] These requests are contained in ECF Nos. 45, 54.
[4] ECF Nos. 54, 58.
[5] NRS § 258.007 states:

> 1. Each constable in a township whose population is 100,000 or more which is located in a county whose population is 700,000 or more, and each constable of a township whose population is 250,000 or more and which is located in a county whose population is less than 700,000 shall become certified by the Peace Officers' Standards and Training Commission as a category II peace officer within one year after the date on which the constable commences his or her term of office or appointment unless the Commission, for good cause shown, grants an extension of time, which must not exceed 6 months.

2

create a vacancy that must be filled in accordance with NRS 258.030,[6] which allows the board of county commissioners to appoint someone to fill the vacancy. Robert F. Eliason was elected to the office of North Las Vegas Constable in November 2014 and took office in January 2015.[7] Because his office is subject to NRS 258.007, he was required to become certified by POST as a category II peace officer within a year of taking office.[8] As of July 4, 2016, he had not done so, and POST notified the Clark County Board of Commissioners of this failure.[9] A year later, the Assistant County Manager placed item 67 on the agenda for the Board's July 18, 2017, meeting. This agenda item proposed declaring Eliason to have forfeited his office and proceeding to fill the vacancy created by that forfeiture under NRS 258.007 and 258.030.[10]

Before the vote could occur, Eliason sued the County and POST in the Eighth Judicial District Court, asserting four causes of action: (1) declaratory relief stating that Clark County has no authority to declare a forfeiture of the office, that a *quo warranto* action under NRS 35.010 et seq. is the exclusive means of declaring a forfeiture of office, and that the Attorney General, at the Governor's direction, is the only party who can bring such an action; (2) injunctive relief or a writ of prohibition enjoining Clark County from adjudicating whether he had forfeited his office; (3) violation of Article IV, Section 20 of the Nevada State Constitution; and (4) violation of

---

2. If a constable does not comply with the provisions of subsection 1, the constable forfeits his or her office and a vacancy is created which must be filled in accordance with NRS 258.030.

[6] NRS § 258.030 states that "if any vacancy exists or occurs in the office of constable in any township, the board of county commissioners shall appoint a person to fill the vacancy pursuant to NRS 245.170."

[7] ECF No. 1 at 13.

[8] *Id.* at 12.

[9] ECF No. 42 at 4.

[10] *Id.* at 4.

Article IV, Section 25 of the Nevada Constitution.[11] Eliason successfully moved for a preliminary injunction to restrain the County from removing him from office.[12] In granting the motion, the district court found that the Board lacks the power to remove Eliason and that the exclusive mechanism to do so is a quo warranto action by the Nevada Attorney General.[13]

Eliason later amended his complaint to add a claim for a violation of the Americans with Disabilities Act, and the County removed the action to federal court based on federal question and supplemental jurisdiction.[14] After removal, Eliason moved for a declaratory judgment, arguing that I should adopt the preliminary-injunction ruling and grant the declaratory relief he seeks in his first cause of action.[15] The County opposes that motion and countermoves for reconsideration of the state-court preliminary-injunction order.[16] POST filed a response to Eliason's motion in which it requests that I either abstain from deciding the state-law issues under the United States Supreme Court's decision in *Railroad Commission of Texas v. Pullman Co.*[17] or certify the question of Clark County's authority under NRS 258.007 and 258.030 to the Supreme Court of Nevada.[18] POST has also filed a motion for summary judgment in which it

---

[11] ECF No. 1 at 16–20.
[12] ECF No. 41 at 8–11.
[13] ECF No. 41.
[14] ECF No. 1.
[15] ECF No. 41.
[16] ECF Nos. 42, 43.
[17] *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).
[18] ECF No. 44.

4

reiterates its request for *Pullman* abstention or Rule 5 certification.[19] Eliason has provided no substantive response to either of POST's requests.[20]

**Analysis**

**A.     Because this case does not raise a federal constitutional question, the *Pullman* doctrine is inapplicable.**

The doctrine of *Pullman* abstention permits district courts, in exceptional cases, to postpone the exercise of jurisdiction.[21] "Abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decision on questions of state law, and premature constitutional adjudication."[22]  "*Pullman* abstention does not exist for the benefit of either of the parties but rather for 'the rightful independence of the state governments and for the smooth working of the federal judiciary.'"[23]  The *Pullman* doctrine is designed to avoid "the premature determination of *constitutional* questions" when "a federal *constitutional* issue might be mooted or presented in a different posture by a state court determination of pertinent state law."[24]  The Ninth Circuit, in *Canton v. Spokane School District No. 81*, set forth a three-prong analysis for trial courts to determine whether *Pullman* abstention is warranted.  The court must find that (1) the case "touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative adjudication is open;" (2)

---

[19] ECF No. 54.

[20] *See* ECF Nos. 47, 66.

[21] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

[22] *Harman v. Forssenius*, 380 U.S. 528, 534 (1965).

[23] *San Remo Hotel v. City and Cty. of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998) (quoting *Pullman*, 312 U.S. at 501 (1941) (internal quotation marks omitted)).

[24] *C-Y Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983) (quoting *Martin v. Creasy*, 360 U.S. 219, 224 (1959); *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959) (internal quotation marks and alterations omitted) (emphasis added)).

"[s]uch constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy;" and (3) "[t]he possibly determinative issue of state law is doubtful."[25]

POST argues that all three prongs are met but does not cite any case in which a court has applied *Pullman* abstention when the only federal claim is statutory, not constitutional, and the only constitutional question is purely a state one. But because Eliason's complaint has no federal constitutional claim, it does not fall into the narrow category of cases to which *Pullman* abstention applies. So I deny the request to abstain under the *Pullman* doctrine.

**B.      The state law questions should be certified to the Supreme Court of Nevada.**

Nevertheless, the purely state-law issues that lie at the heart of this case should be decided by Nevada's courts. Rule 5 of the Nevada Rules of Appellate Procedure allows the Nevada Supreme Court to "answer questions of law certified to it by . . . a United States District Court" if a state-law question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decision of the Supreme Court or Court of Appeals" of Nevada.

The state-statutory and constitutional-law questions raised by Eliason meet these requirements. Neither the Supreme Court nor the Court of Appeals of Nevada has interpreted NRS 258.007 or determined its application or constitutionality. The County maintains that the language of the statute is self-executing and that no judicial determination of forfeiture is required if a constable fails to become certified. Eliason counters that declaring a forfeiture of office is necessarily a judicial function, and a quo warranto action under NRS 35.010 et seq. is

---

[25] *Canton v. Spokane Sch. Dist. No. 81*, 498 F.2d 840, 845 (9th Cir. 1974).

the exclusive remedy to remove a constable.[26] He further argues that NRS 258.007 violates Article IV Sections 20 and 25 of the Nevada Constitution.

No case answers these questions about the process by which an elected constable forfeits the office and the constitutionality (under the Nevada constitution) of a state statute that appears to allow county boards of commissioners to unilaterally determine whether or when a constable has forfeited that office. The State of Nevada has a strong interest in interpreting and prescribing the proper application of these unique state law provisions in the first instance. Plus, clarification from the Supreme Court of Nevada about the applicability and constitutionality of NRS 258.007 will be outcome determinative of the central issue in this case.

I therefore grant POST's alternative request to certify Eliason's state-law questions to the Nevada Supreme Court and will issue a separate certification order. And because the answer to these questions will dictate the result of all other motions pending in this case, I deny all pending motions without prejudice to the parties' ability to promptly re-file them once the Supreme Court of Nevada has answered the certified question.

I also *sua sponte* stay the remainder of this case pending the Supreme Court of Nevada's resolution of this certified question. This stay will prevent unnecessary expenditures of time, attorney's fees, and resources that will be better spent once the Supreme Court of Nevada has weighed in on this purely state-law issue. Because the length of this stay is tied to the state court's resolution of the certified question, it is reasonably brief and not indefinite.[27]

---

[26] Eliason also relies on *Heller v. Legislature*, 93 P.3d 746, 751 (Nev. 2004).

[27] *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (identifying these as factors the court should consider to stay a case pending a decision from another court).

**Conclusion**

IT IS THEREFORE ORDERED that POST's request for an NRAP 5 certification is GRANTED. The court will certify by separate order the following question to the Supreme Court of Nevada:

> *Does NRS 258.007 give the Clark County Board of County Commissioners the power to remove a constable from office, or can a constable be removed only with a quo warranto action?*

IT IS FURTHER ORDERED that all pending motions **[ECF Nos. 41, 43, 54, 58, 59] are DENIED** without prejudice to the parties' ability to renew them no later than 20 days after the Supreme Court of Nevada answers the question or denies or otherwise resolves the request for certification. **The Clerk of Court is instructed to MAINTAIN THE SEAL on ECF No. 59.**

IT IS FURTHER ORDERED that **this case is STAYED for all purposes** pending the Supreme Court of Nevada's resolution of this certified question.

Dated: March 22, 2019

_____
U.S. District Judge Jennifer A. Dorsey