# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Robert Eliason, an individual and in his
official capacity as Constable of North Las
Vegas Township,

      Plaintiff

v.

Clark County, a political subdivision of the
State of Nevada; the State of Nevada ex rel.
Nevada Commission on Peace Officer
Standards and Training,

      Defendants

Case No.: 2:17-cv-03017-JAD-CWH

**Order Certifying Question
to the Supreme Court of Nevada
under NRAP 5**

      In July 2017, the Clark County Board of Commissioners sought to remove North Las Vegas Constable Robert L. Eliason from office by declaring that he had forfeited the office because he failed to obtain a statutorily required certification. The Board relied on Nevada Revised Statute 258.007, which requires constables to get certified by the Nevada Commission on Peace Officer Standards and Training (POST) as a category II peace officer within a year of appointment and provides that a constable who fails to do so "forfeits his . . . office and a vacancy is created . . . ." Nevada Revised Statute 258.030 then authorizes the Board "to appoint a person to fill" that vacancy.

      Eliason sued the County and POST in state court, and then-Eighth Judicial District Court Judge Elissa F. Cadish found that "a quo warranto action is the exclusive remedy to obtain a declaration that a forfeiture of public office has occurred," and she preliminarily enjoined the board from voting to declare Eliason's forfeiture or replacement. The County removed this case to federal court and asks to vacate the preliminary injunction, while Eliason seeks a declaratory

judgment in his favor.  Because this case turns on a question of Nevada law, and it appears that there is no controlling precedent in the decisions of the Supreme Court or the Court of Appeals of this state, I certify the following question to the Honorable Supreme Court of Nevada under Rule 5 of the Nevada Rules of Appellate Procedure:

> **Does NRS 258.007 give the Clark County Board of County Commissioners the power to remove a constable from office, or can a constable be removed only with a quo warranto action?**

## I.    Statement of relevant facts and the nature of this controversy

NRS 258.007[1] states that constables in townships with populations of 100,000 or more who fail to complete certification to become a category II peace officer "forfeit" their office and create a vacancy that must be filled in accordance with NRS 258.030,[2] which allows the board of county commissioners to appoint someone to fill the vacancy.  Robert F. Eliason was elected to the office of North Las Vegas Constable in November 2014 and took office in January 2015.[3]

---

[1] NRS § 258.007 states:

> 1.    Each constable in a township whose population is 100,000 or more which is located in a county whose population is 700,000 or more, and each constable of a township whose population is 250,000 or more and which is located in a county whose population is less than 700,000 shall become certified by the Peace Officers' Standards and Training Commission as a category II peace officer within one year after the date on which the constable commences his or her term of office or appointment unless the Commission, for good cause shown, grants an extension of time, which must not exceed 6 months.

> 2.    If a constable does not comply with the provisions of subsection 1, the constable forfeits his or her office and a vacancy is created which must be filled in accordance with NRS 258.030.

[2] NRS § 258.030 states that "if any vacancy exists or occurs in the office of constable in any township, the board of county commissioners shall appoint a person to fill the vacancy pursuant to NRS 245.170."

[3] ECF No. 1 at 13.

Because his office is subject to NRS 258.007, he was required to become certified by POST as a category II peace officer within a year of taking office.[4]  As of July 4, 2016, he had not done so, and POST notified the Clark County Board of Commissioners of this failure.[5]  A year later, the Assistant County Manager placed item 67 on the agenda for the Board's July 18, 2017, meeting. This agenda item proposed declaring Eliason to have forfeited his office and proceeding to fill the vacancy created by that forfeiture under NRS 258.007 and 258.030.[6]

Before the vote could occur, Eliason sued the County and POST in the Eighth Judicial District Court, asserting four causes of action: (1) declaratory relief stating that Clark County has no authority to declare a forfeiture of the office, that a *quo warranto* action under NRS 35.010 et seq. is the exclusive means of declaring a forfeiture of office, and that the Attorney General, at the Governor's direction, is the only party who can bring such an action; (2) injunctive relief or a writ of prohibition enjoining Clark County from adjudicating whether he had forfeited his office; (3) violation of Article IV, Section 20 of the Nevada State Constitution; and (4) violation of Article IV, Section 25 of the Nevada Constitution.[7]  Eliason successfully moved for a preliminary injunction to restrain the County from removing him from office.[8]  In granting the motion, the district court found that the Board lacks the power to remove Eliason and that the exclusive mechanism to do so is a quo warranto action by the Nevada Attorney General:

> 2.    The issue before the Court . . . is whether Clark County has the authority to declare forfeiture of Constable Eliason's position pursuant to NRS 258.007.

---

[4] *Id.* at 12.

[5] ECF No. 42 at 4.

[6] *Id.* at 4.

[7] ECF No. 1 at 16–20.

[8] ECF No. 41 at 8–11.

. . .

      11.    Clark County does not have the authority to maintain a Quo Warranto action.

      12.    Pursuant to *Heller v. Legislature*, 120 Nev. 456, 463–64, 93 P.3d 746, 751 (2004), a Quo Warrant action is the exclusive remedy to obtain a declaration that a forfeiture of public office has occurred by provisions of law, including that in NRS 258.007.

. . .

      17.    This Court finds that in terms of public policy, the Quo Warrant action is the established method to ensure due process is afforded and all rights are protected before an elected official is removed from office; therefore, public policy favors the grant of the preliminary injunction on that basis.[9]

Eliason later amended his complaint to add a claim for a violation of the Americans with Disabilities Act, and the County removed the action to federal court based on federal question and supplemental jurisdiction.[10] After removal, Eliason moved for a declaratory judgment, arguing that I should adopt the preliminary-injunction ruling and grant the declaratory relief he seeks in his first cause of action.[11] The County opposes that motion and countermoves for reconsideration of the state-court preliminary-injunction order.[12] POST filed a response to Eliason's motion in which it requests that I either abstain from deciding the state-law issues under the United States Supreme Court's decision in *Railroad Commission of Texas v. Pullman*

---

[9] ECF No. 41.

[10] ECF No. 1.

[11] ECF No. 41.

[12] ECF Nos. 42, 43.

4

*Co.*[13] or certify the question of Clark County's authority under NRS 258.007 and 258.030 to the Supreme Court of Nevada.[14] Eliason did not respond to POST's request.

*Pullman* abstention is unavailable because this case does not present a federal constitutional question—the federal question it presents is entirely statutory, and the constitutional questions it presents are state-based—and the *Pullman* doctrine is designed to avoid "the premature determination of constitutional questions" when "a *federal* constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law."[15] But Eliason's state-law questions should nevertheless be resolved by Nevada's courts. Neither the Supreme Court nor the Court of Appeals of Nevada has interpreted NRS 258.007 or determined its application or constitutionality. The County maintains that the language of the statute is self-executing and that no judicial determination of forfeiture is required if a constable fails to become certified. Eliason counters that declaring a forfeiture of office is necessarily a judicial function, and a quo warranto action under NRS 35.010 et seq. is the exclusive remedy to remove a constable.[16] He further argues that NRS 258.007 violates Article IV Sections 20 and 25 of the Nevada Constitution.

No case answers the question of whether NRS 258.007 gives the Clark County Board of Commissioners the power to remove a constable from office or the constitutionality of such a procedure under the Nevada constitution. Clarification from the Supreme Court of Nevada about

---

[13] *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

[14] ECF No. 44; *see also* ECF No. 54.

[15] *See* order denying motions and granting request to certify questions to the Supreme Court of Nevada, ECF No. 71 (citing *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 357, 377 (9th Cir. 1983 (quoting *Martin v. Creasy*, 360 U.S. 219, 224 (1959); *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959) (internal quotation marks and alterations omitted))(emphasis added).

[16] He also relies on *Heller v. Legislature*, 93 P.3d 746, 751 (Nev. 2004).

the applicability and constitutionality of NRS 258.007 will be outcome determinative of the central issue in this case.

## II. Parties' names and designation of appellant and appellee

| Plaintiff/Appellee | Robert Eliason |
|---|---|
| Defendant/Appellant | Clark County, a political subdivision of the State of Nevada |
| Defendant/Appellant | State of Nevada ex rel. the Nevada Commission on Peace Officer Standards and Training (POST) |

Because the most recent adverse order was the preliminary injunction entered against the defendant in state court, the defendants should be the appellants.

## III. Names and addresses of counsel for the parties

| Counsel for Plaintiff/Appellee Robert Eliason | Kelly A. Evans<br>Chad R. Fears<br>Evans Fears & Schuttert LLP<br>2300 W. Sahara Avenue<br>Suite 950<br>Las Vegas, NV 89102<br><br>Jeffrey E. Barr<br>Ashcraft & Barr \| LLP<br>2300 W. Sahara Avenue<br>Suite 900<br>Las Vegas, NV 89102 |
|---|---|
| Counsel for Defendant/Appellant Clark County | Thomas D. Dillard<br>Olson, Cannon, Gormley, Angulo & Stoberski<br>9950 W. Cheyenne Avenue<br>Las Vegas, NV 89129 |
| Counsel for Defendant/Appellant POST | Michael D. Jenson<br>Senior Deputy Attorney General<br>555 Wright Way<br>Carson City, NV 89711 |

**IV.    Any other matters the certifying court deems relevant to a determination of the questions certified**

The Court defers to the Supreme Court of Nevada to decide whether it requires any other information to answer the certified question.  The Court does not intend its framing of the questions to limit the Supreme Court of Nevada's consideration of the issue.  Nevertheless, for the Court's convenience, the crossbriefing by the parties is attached.

**V.    Conclusion**

Having complied with the provisions of the Nevada Rule of Appellate Procedure 5(c), I hereby direct the Clerk of Court for the U.S. District Court for the District of Nevada to **FORWARD this order and its attachments under official seal to the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City, Nevada, 89701-4702.**

Dated: March 22, 2019

_____
U.S. District Judge Jennifer A. Dorsey

| Exhibit | Document | Fed. Ct. Dkt. # |
|---|---|---|
| A | First Amended Complaint | ECF No. 1 |
| B | Eliason's Motion for Declaratory Judgment (contains Order Granting Preliminary Injunction at p.8) | ECF No. 41 |
| C | Clark County's Opposition and Motion to Reconsider Order Granting Motion for Preliminary Injunction | ECF No. 43–43-4. |
| D | POST's Response to Eliason's Motion for Declaratory Judgment | ECF No. 44 |
| E | POST's Response to Clark County's Motion for Reconsideration | ECF No. 45 |
| F | Eliason's Reply in Support of Motion for Declaratory Judgment | ECF No. 47 |
| G | Clark County's Reply in Support of Motion for Reconsideration | ECF No. 49 |
| | | |

**Exhibit A**

Electronically Filed
11/2/2017 1:48 PM
Steven D. Grierson
CLERK OF THE COURT

1
2
3
4
5
6
7

**ACOM**
KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
kevans@efstriallaw.com
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
cfears@efstriallaw.com
EVANS FEARS & SCHUTTERT L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 805-0290
Facsimile: (702) 805-0291

8
9
10
11
12

JEFFREY F. BARR, ESQ
Nevada Bar No. 7269
barrj@AshcraftBarr.com
ASHCRAFT & BARR | LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 631.7555
Facsimile: (702) 631.7556
Attorneys for Plaintiff

**ASHCRAFT & BARR | LLP**
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555
ASHCRAFTBARR.COM

13

### DISTRICT COURT

14

### CLARK COUNTY, NEVADA

15
16
17
18
19
20

| | |
|---|---|
| ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township,<br><br>     Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; NEVADA COMMISSION ON PEACE OFFICER STANDARDS & TRAINING,<br><br>     Defendants. | Case No.: A-17-758319-C<br>Dept. No.: VI<br><br>**FIRST AMENDED VERIFIED COMPLAINT**<br>**Exemption for Arbitration Requested:**<br>**(1) Action involving Declaratory Relief**<br>**(2) Action seeking Equitable Relief** |

21
22

  Plaintiff ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township files this First Amended Verified Complaint as follows:

23

### I.  SUMMARY OF ACTION

24
25
26

1. Of the eleven Constables in Clark County, only two in North Las Vegas and Henderson, are subject to a recently-enacted law, NRS 258.007, requiring those constables to obtain a Nevada Peace Officer Standards & Training certification.

27
28

Page 1 of 10

2. Plaintiff Robert Eliason, the North Las Vegas Constable, has diligently pursued this certification, but he has a documented neurological condition that prevents him from meeting one part of the physical fitness test of the certification.

3. This action is now necessary because Defendant Clark County erroneously believes it holds the power to "declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office." Clark County holds no such jurisdiction. Indeed, under well-established law, only the courts, and the courts alone, have the power to declare that an elected official has "forfeited" his office in a proceeding called a "writ quo warranto," in a civil action brought by the Attorney General of the State of Nevada. This action is necessary to restrain Clark County's excess of jurisdiction.

4. This action is also necessary because the law in question, NRS 258.007, violates both the Nevada Constitution and the Americans with Disabilities Act.

## II.   PARTIES AND JURISDICTION

5. Plaintiff, Constable Robert E. Eliason ("Constable Eliason"), is a resident of Clark County, Nevada.

6. Constable Eliason is 55 years old.

7. Constable Eliason is the North Las Vegas Constable.

8. Constable Eliason was elected in November 2014 and entered office as North Las Vegas Constable on January 2, 2015.

9. Defendant County of Clark ("Clark County") is a political subdivision of the State of Nevada.

10. Defendant Nevada Commission on Peace Officer Standards & Training ("POST Commission") is the regulatory agency that establishes and maintains the laws, regulations, and acts as the governing authority for the behavior, hiring, basic and professional certification, course certification, and training requirements for all law enforcement officers in the state.

11. The POST Commission governing board is appointed by the Governor of the State of Nevada.

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE · STE 900 · LAS VEGAS, NV 89102
702.631.7555        ASHCRAFTBARR.COM

12. Six months after Constable Eliason took office, in June 2015, the Legislature passed NRS 258.007 required constables in townships with a population in excess of 100,000 residents located in a county with a population in excess of 700,000 to obtain a category II peace officer certification from the POST Commission within twelve months of taking office (the "Certification Requirements").

13. Stated otherwise, only two constables of all the constables in Nevada are required to obtain Certification Requirements.

### III. FACTS COMMON TO ALL CLAIMS

14. Constable Eliason has a documented neurological condition that prevents him from meeting one part of the physical fitness test of the Certification Requirements.

15. Constable Eliason's neurological condition thwarted his multiple attempts to receive the Certification Requirements required by the POST Commission.

16. In September 2015 Constable Eliason initiated a series of communications with Mike Sherlock, Executive Director of the POST Commission to explore alternatives to meet the Certification Requirements.

17. In September 2015, Constable Eliason verbally requested that Sherlock put his petition for waiver under NAC 289.370 on an up-coming POST Commission public meeting. A true and correct copy memorializing this conversation is attached as Exhibit 1.

18. Sherlock refused to permit Constable Eliason to seek a medical waiver under NAC 289.370.

19. Because of Sherlock's refusal to permit Constable Eliason to seek a medical waiver, on September 18, 2015, Constable Eliason submitted a written request for an extension from the POST Commission pursuant to NRS 258.007. A true and correct copy of this written request is attached as Exhibit 2.

20. On November 5, 2015, Sherlock sent a letter to Constable Eliason confirming the POST Commission had considered and approved his extension request at its November 2015 public meeting. A true and correct copy of this approval is attached as Exhibit 3.

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555
ASHCRAFTBARR.COM

21. Subsequently, Constable Eliason received confirmation from his doctors that his neurological condition will continue to prevent him from meeting one part of the physical fitness test of the Certification Requirements that he could not do beforehand.

22. On April 5, 2016, the Clark County Board of Commissioners authorized the filing of a petition to the POST Commission on behalf of Constable Eliason for a waiver under NAC 289.370. A true and correct copy of the agenda item and some of its supporting materials for this petition is attached as Exhibit 4.

23. Upon information and belief, on June 29, 2016, Sherlock wrote to the Clark County Board of Commissioners stating that Constable Eliason had failed to meet POST Commission Certification Requirements and that Constable Eliason therefore had forfeited his office. Upon information and belief, a true and correct copy of this letter is attached as Exhibit 5.

24. Instead of simply notifying the Clark County Board of Commissioners about Constable Eliason's POST certification status, Sherlock advised and offered a legal opinion to the Clark County Board of Commissioners that it has "the authority regarding non-compliance and appointment to vacated offices.

25. Sherlock did not send a copy of Exhibit 5 to Constable Eliason. Constable Eliason received a copy of Exhibit 5 secondhand.

26. On October 3, 2016, and in light of the Clark County Board of Commissioners' request for waiver pursuant to NAC 289.370, private counsel for Constable Eliason wrote to Sherlock asking by what authority Sherlock sent his June 2016 letter. A true and correct copy of counsel's letter is attached as Exhibit 6.

27. Sherlock ignored counsel's letter.

28. Beginning in January 2017, Constable Eliason turned to the Clark County Office of Diversity to explore other alternatives under the Americans with Disabilities Act ("ADA").

29. On March 6, 2017, the Clark County Office of Diversity wrote to Constable Eliason confirming the receipt of Constable Eliason's formal request. A true and correct copy of the correspondence from the Office of Diversity is attached as Exhibit 7.

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE · STE 900 · LAS VEGAS, NV 89102
702.631.7555      ASHCRAFTBARR.COM

30. On or about June 30, 2017, the Office of Diversity informed Constable Eliason that although he was an individual with a disability within the meaning of the ADA, he was not eligible for an accommodation because he did not satisfy the requirements of his position. A true and correct copy of the correspondence from the Office of Diversity is attached as Exhibit 8.

31. On July 5, 2017, the Clark County Board of Commissioners met to consider Sherlock's unsolicited recommended course of action to declare Constable Eliason had forfeited his office. A true and correct copy of Agenda Item 59 is attached as Exhibit 9.

32. Exhibit 9 states, in part, that the purpose of the agenda item is for "the Board of County Commissioners [to] declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office...."

33. At Constable Eliason's request, the Clark County Board of Commissioners continued its consideration of the forfeiture of office for two weeks.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Declaratory Relief—Clark County and POST)

34. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

35. Under NRS 30.010 *et seq.*, this Court has jurisdiction and authority to adjudicate the rights, status, and other legal relations of the parties.

36. A justiciable controversy exists between Plaintiff Constable Eliason and Defendants.

37. Specifically, a justiciable controversy exists between Constable Eliason and Clark County about Clark County's alleged authority to declare a "forfeiture" of the office of the North Las Vegas Township Constable, in that (1) NRS 258.007 confers no such authority on Clark County; (2) the courts are the exclusive province of declaring whether an elected officer has

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555    ASHKCRAFTBARR.COM

forfeited his office by way of a "writ quo warranto" under NRS 35.010 *et seq.*; and (3) only the Attorney General, when directed by the Governor, has standing to file a writ quo warranto.

38. A justiciable controversy also exists between Constable Eliason and the POST Commission because NRS 258.007 violates the Nevada Constitution and the Americans with Disabilities Act, and the POST Commission is the entity charged with enforcing NRS 258.007.

## SECOND CLAIM FOR RELIEF
(Injunctive Relief, or in the alternative, a Writ of Prohibition – Clark County)

39. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

40. NRS 34.320 *et seq.* grants this Court the power to issue a writ of prohibition to arrest "the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

41. NRS 258.007 confers no authority on Clark County to "declare a forfeiture" of the office of the Constable of North Las Vegas Township.

42. NRS 35.010 *et seq.*, grants the courts of the State of Nevada exclusive jurisdiction to determine if Constable Eliason has forfeited his office through the filing of a writ quo warranto.

43. NRS 35.010 *et seq.*, grants the right to bring such an action the Attorney General of the State of Nevada and only when he is directed by the Governor.

44. Clark County is without jurisdiction and does not have the authority to make a determination whether Constable Eliason has forfeited his office.

45. Constable Eliason has no plain, speedy, and adequate remedy in the ordinary course of law to redress Clark County's excess of jurisdiction.

46. The Court should issue a writ of prohibition prohibiting or enjoining Clark County from usurping the jurisdiction to adjudicate whether Constable Eliason has forfeited his office.

/ / /

/ / /

Page **6** of **10**

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE · STE 900 · LAS VEGAS, NV 89102
702.631.7555     ASHCRAFTBARR.COM

**THIRD CLAIM FOR RELIEF**
(Title II of Americans with Disabilities Act, State and Local Governments)

47. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

48. At all times relevant to this action, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (the "ADA") was in force and effect in the State of Nevada.

49. The ADA expressly states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

50. Constable Eliason is a qualified individual with a disability within the meaning of the ADA because Constable Eliason has a physical impairment that substantially limits one or more of Constable Eliason's major life activities, more specifically, a documented neurological condition.

51. POST is a public entity as that term is used in Title II of the ADA.

52. NRS 258.007 imposes a duty to meet the Certification Requirements within 18 months of taking the office of constable in only two townships.

53. NRS 258.007 discriminated against Constable Eliason on the basis of disability in violation of Title II of the ADA by requiring that Constable Eliason pass the Certification Requirements notwithstanding his neurological condition.

54. By enforcing NRS 258.007, the law denies Constable Eliason's access to programs, benefits and services provided to others solely on the basis of his disability, thereby violating Title II of the ADA.

55. As a direct and proximate result of the acts, omissions, and violations alleged above, Constable Eliason has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

56. Constable Eliason has been injured and aggrieved by and will continue to be injured and aggrieved by such discrimination.

57. The Court should enjoin POST from enforcing NRS.258.007 and declare the law invalid.

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555    ASHCRAFTBARR.COM

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555        ASHCRAFTBARR.COM

**FOURTH CLAIM FOR RELIEF**
(Article IV, Section 20 of Nevada Constitution,
Certain Local and Special Laws Prohibited)

58. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

59. At all times relevant herein, Article IV, of the Nevada Constitution was in full force and effect in the State of Nevada.

60. Section 20 of the Nevada Constitution prohibits the legislature from passing local or special laws regulating the duties of the constables.

61. NRS. 258.007 imposes a duty to meet the Certification Requirements within 18 months of taking the office of constable in only two townships in Clark County.

62. NRS 258.007 is a special law relating to the duties of constable.

63. NRS 258.007 should be declared unconstitutional as it violates Article IV, Section 20 of the Nevada Constitution.

**FIFTH CLAIM FOR RELIEF**
(Article IV, Section 25 of Nevada Constitution,
Uniform County and Township Government)

64. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

65. At all times relevant herein, Article IV, of the Nevada Constitution was in full force and effect in the State of Nevada.

66. Section 25 of the Nevada Constitution requires that the legislature establish uniform laws throughout the state.

67. NRS. 258.007 imposes a duty to meet the Certification Requirements within 18 months of taking the office of constable in only two townships.

68. NRS 258.007 is not uniform as it relates to the duties of the office of constable because it does not impose the same requirements on all offices of constable within the state.

69. NRS 258.007 should be declared unconstitutional as it violates Article IV, Section 25 of the Nevada Constitution because it does not impose the same requirements on all offices of constable within the state.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

A. For a declaratory judgment finding that Clark County has no jurisdiction to "declare that Robert L. Eliason, the elected North Las Vegas Constable has forfeited his office";

B. For a Writ of Prohibition arresting any proceedings of the Clark County Board of County Commissioners to declare that Robert L. Eliason, the elected North Las Vegas Constable has forfeited his office";

C. For injunctive relief prohibiting any proceedings of the Clark County Board of County Commissioners to "declare that Robert L. Eliason, the elected North Las Vegas Constable has forfeited his office";

D. That this Court declare NRS 258.007 to be in violation of Title II of the Americans with Disabilities Act;

E. That this Court enter an injunction ordering POST and Clark County to cease all discrimination on the basis of disability including but not limited to Constable Eliason;

F. That this Court declare NRS 258.007 unconstitutional and invalid;

G. That this Court award Plaintiff compensatory damages;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page **9** of **10**

H.  For an award of reasonable attorney's fees and costs;

I.   For any such other and further relief as the Court deems just and proper.

DATED this 2nd day of November, 2017.

EVANS FEARS & SCHUTTERT| LLP
/s/ Kelly A. Evans
KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
kevans@efstriallaw.com
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
cfears@efstriallaw.com
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 805-0290
Facsimile:  (702) 805-0291


ASHCRAFT & BARR| LLP
/s/ Jeffrey F. Barr
JEFFREY F. BARR, ESQ.
Nevada Bar No. 7269
barrj@AshcraftBarr.com
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 631.7555
Facsimile:  (702) 631.7556


Attorneys for Plaintiff Robert Eliason

**VERIFICATION**

ROBERT ELIASON, individually and in his capacity as Constable of North Las Vegas Township, declares under penalties of perjury the following:

- I have reviewed the instant First Amended Verified Complaint;
- Regarding the allegations of which I have personal knowledge, I believe them to be true;
- Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specific information, documents, or both.

I declare under penalty of perjury that the foregoing is true and correct

Executed on the _31st_ day of _October_, 2017.

ROBERT ELIASON, individually and in his
Capacity as Constable of North Las Vegas Township

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
ASHCRAFTBARR.COM
702.631.7555

# EXHIBIT 1

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555          ASHCRAFTBARR.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9-16-15
2:35

Talked to post about six month extension
they said I need to put it in writing
to asked about the Medical Wavier that
is on their web site he said don't
even bother with filling it out because
it does not pertain to me

# EXHIBIT 2

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555      ASHCRAFTBARR.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBERT L. ELIASON
CONSTABLE

# CONSTABLE'S OFFICE
## NORTH LAS VEGAS TOWNSHIP
2428 Martin Luther King Boulevard
North Las Vegas, Nevada 89032

TELEPHONE
(702) 455-7800
FAX: (702) 399-3009

9/18/2015

Via Email Only
Att: Mike Sherlock
msherlock@post.state.nv.us

Please allow this correspondence to serve as a follow up to our verbal conversation held on September 16, 2015 regarding my request to be placed on the November 3, 2015 meeting agenda before the Post Commission. I am requesting a six month extension pursuant to NRS 258.007 to complete the post certification requirement. I am requesting an extension at this time due to the fact that I am being treated for an abdominal tear. While attending the Clark County Juvenile Justice Academy on September 14, 2015 I was able to perform all requirements with the exception of the sit-ups. I am requesting this extension in hopes that I will be able to attend one of the two Post Certification Academy's held in January, 2016.

Respectfully Submitted,

Robert L. Eliason
North Las Vegas Constable

# EXHIBIT 3

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555          ASHCRAFTBARR.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**STATE OF NEVADA**

**COMMISSION ON PEACE OFFICERS' STANDARDS AND TRAINING**
5587 Wa Pai Shone Avenue
CARSON CITY, NEVADA 89701
(775) 687-7678   FAX (775) 687-4911

BRIAN SANDOVAL
*Governor*

MICHAEL D. SHERLOCK
*Executive Director*

November 5, 2015

North Las Vegas Constables Office
Robert L. Eliason, Constable
2428 N. Martin L. King Blvd
North Las Vegas, NV 89032

RE:  Constable Robert L. Eliason

Dear Constable Eliason:

This letter is to advise you on November 3, 2015 the POST Commission held a regularly scheduled meeting at the Palace Station Hotel and Casino in Las Vegas, Nevada.  At this meeting your request for a six-month extension of time pursuant to NRS 289.550 to complete the certification process for your employee Constable Eliason, that has not completed the process within the one year time period, was reviewed.

After review of all information and consideration, the Commission approved the six-month extension of time pursuant to NAC 289.550.  Constable Eliason will need to complete the certification process by July 4, 2016.

If you are in need of further assistance, please feel free to contact me.

Sincerely,

Michael D. Sherlock, Executive Director
Nevada Commission on Peace Officers' Standards and Training

MDS/dsj
cc: Robert L. Eliason

# EXHIBIT 4

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555      ASHCRAFTBARR.COM

# CLARK COUNTY BOARD OF COMMISSIONERS
## AGENDA ITEM

| | |
|---|---|
| Petitioner: | Donald G. Burnette, County Manager |

**Recommendation:**

**That the Board of County Commissioners approve and authorize the Chairman to sign a petition to the Peace Officers' Standards and Training (POST) Commission of the State of Nevada seeking a waiver pursuant to NAC 289.370 for the Constable of the City of North Las Vegas relating to the requirements of NAC 289.150.  (For possible action)**

**FISCAL IMPACT:**

Fund #: N/A       Fund Name: N/A
Fund Center: N/A       Funded Pgm/Grant: N/A
Description: N/A       Amount: N/A
Added Comments: N/A

**BACKGROUND:**

NRS 258.007 requires the Constable of North Las Vegas to become certified by the Peace Officers' Standards and Training (POST) Commission within one year after the date on which the constable commences his or her term of office, or receive extensions of time to do so. To date, the North Las Vegas Constable has not achieved the required certification.

NAC 289.370 allows any administrator of an agency may petition for the Commission for a waiver of any provision of NAC 289 on behalf of an officer. Commissioner Weekly has asked that the Board consider such a petition on behalf of the North Las Vegas Constable for a waiver of the requirements of NAC 289.150.

Respectfully submitted,

_____
DONALD G. BURNETTE, County Manager

Cleared for Agenda

**4/5/2016**

Agenda Item #

**66**

Commissioners,

I am providing this letter to ask you for your support regarding agenda # 66. I am asking that the post requirement for my position as the North Las Vegas Constable be waved. Also attached is a supportive letter from Dr. Dixit office.

Thank you for your time and consideration,

Robert Eliason

# EXHIBIT 5

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555      ASHCRAFTBARR.COM



STATE OF NEVADA
COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING
5587 Wa Pai Shone Avenue
Carson City, Nevada 89701
(775) 687-7678   FAX (775) 687-4911

BRIAN SANDOVAL
*Governor*

MICHAEL D. SHERLOCK
*Executive Director*

June 29, 2016

Clark County Commission
Commission Chairman Steve Sisolak
500 S. Grand Central Pkwy 6th Floor
Las Vegas, NV 89155

Clark County D.A., County Counsel
Mary Anne Miller
200 Lewis Ave
Las Vegas, NV 89101

To Whom It May Concern,

Nevada POST wishes to inform Clark County the status of elected North Las Vegas Township Constable Robert L. Eliason. As you may know, NRS 258.007 states the following:   Certification as category II peace officer required in certain townships; forfeiture of office.

    1.   Each constable of a township whose population is 100,000 or more and which is located in a county whose population is 700,000 or more, and each constable of a township whose population is 250,000 or more and which is located in a county whose population is less than 700,000, shall become certified by the Peace Officers' Standards and Training Commission as a category II peace officer within 1 year after the date on which the constable commences his or her term of office or appointment unless the Commission, for good cause shown, grants in writing an extension of time, which must not exceed 6 months.
    2.   If a constable does not comply with the provisions of subsection 1, the constable forfeits his or her office and a vacancy is created which must be filled in accordance with NRS 258.030.
   (Added to NRS by 2013, 2946; A 2015, 2516)

In addition, NRS  289.550 states:   Persons required to be certified by Peace Officers' Standards and Training Commission; period by which certification is required.

    1.   Except as otherwise provided in subsection 2 and NRS 3.310, 4.353, 258.007 and 258.060, a person upon whom some or all of the powers of a peace officer are conferred pursuant to NRS 289.150 to 289.360, inclusive, must be certified by the Commission within 1 year after the date on which the person commences employment as a peace officer unless the Commission, for good cause shown,

grants in writing an extension of time, which must not exceed 6 months, by which the person must become certified. A person who fails to become certified within the required time shall not exercise any of the powers of a peace officer after the time for becoming certified has expired.

Both statutes require a peace officer to be certified within 12 months of the date of hire or appointment and allow for one six month extension upon showing of good cause. Certification requires a person appointed to a peace officer position to 1. Successfully complete a basic training course (academy), 2. Pass the state certification written exam and 3. Pass the state physical fitness test.

Records show that North Las Vegas Township exceeds the minimum population of 100,000 and Clark County exceeds the minimum population of 700,000, meeting the requirement to be certified under NRS 258.007. It should also be noted that even in counties or townships below the population threshold, should the constable exercise some or all of the peace officer powers, the constable must be certified by POST.

Mr. Eliason was granted one six month extension by the POST Commission. That extension expires on July 4th, 2016. This was based on his taking office January 4th, 2015. At this point, it appears Mr. Eliason has not met any of the certification requirements. We have been notified by Clark County law enforcement academies that Mr. Eliason has not enrolled or has failed to attend a basic training course (academy). A check with our Training Division shows Mr. Eliason has not enrolled in our academy here at POST. In addition, he has not reported to us that he has passed the physical fitness test, nor has he attempted to schedule the state certification test. That said, it should be noted that the physical fitness test must be passed during the basic training course (academy) and the state certification test is only available after completion of the basic training course (academy). Clearly, he would not be able to complete an academy before the expiration of his extension.

This letter is to inform Clark County that Mr. Eliason has not met the requirements of NRS 289.550 nor has he met the specific requirements for constables in NRS 258.007. He has not met the certification requirements and as such, he is not a certified peace officer in Nevada. In addition to the requirement of the office being forfeited under NRS 258.007, it should be noted that a person who has not fulfilled the requirements for certification, does not have peace officer powers.

POST is providing this information as it is our duty to insure peace officer standards are met and agencies are in compliance with those standards. In this case (constables), the NRS indicates the County Commission as the authority regarding non-compliance and appointments to vacated offices.

Should you have any questions, do not hesitate in contacting me.


Sincerely,

*M. Sherlock*

Michael Sherlock
Executive Director, POST

2

# EXHIBIT 6

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555        ASHCRAFTBARR.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



ASHCRAFT & BARR | LLP
ATTORNEYS AT LAW

2300 West Sahara Avenue
Suite 1130
Las Vegas, NV 89102
702·631·7555

AshcraftBarr.com

Writer's e-mail: BarrJ@AshcraftBarr.com

October 3, 2016
Mike Sherlock
Executive Director
Nevada Commission on Peace Officer Standards
5587 Wa Pai Shone Avenue
Carson City, NV 89701

Re:   North Las Vegas Constable Robert Eliason

Dear Mr. Sherlock:

We represent North Las Vegas Constable Robert Eliason.  We have received your letter
to the Clark County Board of Commissioners about Constable Eliason.

We are admittedly a bit confused in light of the Clark County Board of Commissioners
action on April 5, 2016.  Could you kindly send us the legal citation authorizing you or the
Nevada Commission on Peace Officer Standards to send the Clark County Board of
Commissioners this correspondence?  Could you also send us the meeting at which the Nevada
Commission on Peace Officer Standards approved this action?

We thank you for your anticipated cooperation.

Sincerely,

ASHCRAFT & BARR | LLP

Jeffrey F. Barr, Esq.

# EXHIBIT 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555          ASHCRAFTBARR.COM



# Office of Diversity

500 S Grand Central Pky 5th Fl • Box 551113 • Las Vegas NV  89155-1113
(702) 455-5760 • Fax (702) 455-5759

Sandy Jeantete, Human Resources Director

March 6, 2017

Robert Eliason
2016 Reynolds Avenue
North Las Vegas, NV 89030

RE:  ADA ACCOMMODATION REQUEST

Dear Mr. Eliason:

You have requested a workplace accommodation pursuant to the Americans With Disabilities Act of 1990 (ADA).  In order to be eligible for consideration of an accommodation, you must have a physical or mental impairment that substantially limits a major life activity.  To assist in the assessment as to your eligibility for an accommodation, medical information is required.

Enclosed is a copy of the medical certification form you are to give your treating healthcare professional as authorization to provide the required medical information.  Please ask your healthcare provider to complete and sign the medical certification form and return it by **March 27, 2017** to the Office of Diversity (OOD) via mail or fax.  Upon receipt of this information, the OOD will process your request.

An analyst will contact you to further discuss your eligibility for an accommodation and/or your accommodation needs.  Your cooperation in this inter-active process is anticipated.

Please contact us at 455-5760 if you have any questions in regard to this matter.

Sincerely,

Sandy Jeantete
Director

By:  _____
Sheilia Brown, Administrative Secretary

Enclosures (3)

**BOARD OF COUNTY COMMISSIONERS**
Steve Sisolak, Chairman • Chris Giunchigliani, Vice Chair
Susan Brager • Larry Brown • Marilyn Kirkpatrick • Mary Beth Scow • Lawrence Weekly
Yolanda King, County Manager

# EXHIBIT 8

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555          ASHCRAFTB.ARR.COM



# Office of Diversity

500 S Grand Central Pkwy 5ᵗʰ Flr  •  Box 55113  •  Las Vegas NV  89155-1113
(702) 455-5760  •  Fax (702) 455-5759

Sandy Jeantete, Director

June 30, 2017

Robert Eliason
2016 Reynolds Ave.
North Las Vegas, NV 89030

RE: ADA ACCOMMODATION REQUEST

Dear Mr. Eliason:

The Office of Diversity has completed its assessment of your request for an ADA accommodation. In order to be eligible for a workplace accommodation pursuant to the Americans with Disabilities Act as amended (ADAAA), you must have a physical or mental impairment that substantially limits a major life activity. In addition, you must satisfy the requirements of the position and be able to perform the essential functions of your job (with or without) an accommodation.

Based upon the information gathered during the course of this assessment, including information obtained through the interactive process, it is determined that you are an individual with a disability within the meaning of the ADA; however, you are not a qualified individual under the ADA, as you do not satisfy the requirements of your position. Therefore, you are not eligible for an accommodation.

As that is the case, our office will take no further action in this matter and will be administratively closing our file.

If you have any questions in regard to this letter, please don't hesitate to contact the Office of Diversity at (702) 455-5760.

Sincerely,

Sandy Jeantete

SJ/lb

# EXHIBIT 9

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE · STE 900 · LAS VEGAS, NV 89102
702.631.7555        ASHCRAFTBARR.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CLARK COUNTY BOARD OF COMMISSIONERS
## AGENDA ITEM

| Petitioner: | Jeffrey M. Wells, Assistant County Manager |
|---|---|

**Recommendation:**

**That the Board of County Commissioners declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists;  discuss and determine whether to continue or abolish the elected office of the constable for said township; and direct staff accordingly.  (For possible action).**

### FISCAL IMPACT:

| | |
|---|---|
| Fund #: N/A | Fund Name: N/A |
| Fund Center: N/A | Funded Program/Grant: N/A |
| Description: N/A | Amount: N/A |
| Added Comments: N/A | |

### BACKGROUND:

NRS 258.007 and NRS 289.550 require that a constable in a township whose population is 100,000 or more and that is located in a county whose population is 700,000 or more must be certified as a category II peace officer within one year after the date on which the constable commences their term of office or appointment unless the Peace Officers' Standards and Training Commission (POST), for good cause shown, grants an extension of time that cannot exceed 6 months.  Pursuant to the statute, failure to comply results in forfeiture of office.

Robert L. Eliason was elected constable for the North Las Vegas Township and took office on January 4, 2015. He was granted one six-month extension for the purpose of complying with NRS 258.007 and that extension expired July 4, 2016.  On June 29, 2016, POST notified the Board of County Commissioners that ". . . Mr. Eliason has not met the requirements of NRS 289.550 nor has he met the specific requirements for constables in NRS 258.007.  He has not met the certification requirements and as such, he is not a certified peace officer in Nevada."

The Board of County Commissioners is requested to:

(1)    Declare, pursuant to NRS 258.007, that Robert L. Eliason has forfeited the elected office of Constable for the North Las Vegas Township pursuant to NRS 258.007, effective immediately, because of his failure to be certified as a category II peace officer; and

(2)    Declare that a vacancy in the elected office of Constable for the North Las Vegas Township exists; and

(3)    Discuss and determine whether to: (a)  Continue the elected office of Constable for the North Las Vegas Township and proceed to fill the vacancy pursuant to NRS 245.170; or (b)  Abolish the elected office of Constable for the North Las Vegas Township in accordance with NRS 258.010 because the office is no longer necessary in that township.

Cleared for Agenda

7/5/2017

Agenda Item #

59

In making this determination, the Board should consider whether there is an overlap of duties and functions between the elected Office of Constable for the North Las Vegas Township and the Office of the Sheriff, or any other private or public entity, or any combination thereof, that makes it unnecessary to maintain the elected Office of Constable for the North Las Vegas Township.

If the Board determines to continue the elected Office of Constable for the North Las Vegas Township, the vacancy will need to be filled in accordance with NRS 245.170 that provides that the Board appoint a suitable person who is an elector of the county to serve the remainder of the unexpired term (until January of 2019). The Board should direct staff on the appointment process.

If the Board makes a finding that there is an overlap of duties and functions between the Office of Constable for the North Las Vegas Township and the Office of the Sheriff, or any other private or public entity, or any combination thereof, and that it is not necessary to maintain the elected Office of Constable for the North Las Vegas Township, the Board should direct Staff to prepare an ordinance for introduction for the purpose of amending Chapter 2.15 of Title 2 of the Clark County Code to abolish the Office in the same manner that the elected Office of Constable for the Las Vegas Township was abolished.

Respectfully submitted,

Jeffrey M. Wells, Assistant County Manager

Page Number 2

# Exhibit B

KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
kevans@efstriallaw.com
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
cfears@efstriallaw.com
EVANS FEARS & SCHUTTERT L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 805.0290
Facsimile:  (702) 805.0291

JEFFREY F. BARR, ESQ
Nevada Bar No. 7269
barrj@AshcraftBarr.com
ASHCRAFT & BARR | LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 631.7555
Facsimile:  (702) 631.7556
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township,<br><br>                      Plaintiff,<br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; et al.,<br>                      Defendants. | Case No.: **2:17-cv-03017-JAD-CWH**<br><br>**PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT** |

Plaintiff ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township ("Constable Eliason") files this PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT.  This Motion is made and based upon the attached points and authorities, the papers and pleadings on file herein, and any oral argument the Court may entertain at any hearing.

## I.      INTRODUCTION

The gravamen of this action is that Defendant Clark County erroneously maintains that it possesses the unilateral and arbitrary power to remove a sitting, duly-elected constable from

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
ASHCRAFTBARR.COM
702.631.7555

office.  Nevada law confers no such judicial authority on a local board, and prior to the removal of this action, the State Court enjoined Clark County from this very action.

Constable Eliason now seeks to formalize the State Court's preliminary injunction into a permanent, declaratory judgment from this Court, declaring Clark County's actions as illegal. Constable Eliason requests that the Court declare the following:

(1)    Only the Nevada State courts may declare a forfeiture of an elected official's office;

(2)    Clark County possesses no unilateral authority under Nevada law to "declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists"; and

(3)    Agenda Item 67 on the July 18, 2017 County Commission Meeting, which seeks to "declare that that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists," is illegal under Nevada law.

## II.    UNDISPUTED FACTS and PROCEDURAL HISTORY

1.  In July 2017, the Clark County Board of County Commissioners attempted to remove North Las Vegas Township Constable, Robert Eliason, by passing Item 67 on the July 17, 2017 Agenda ("Item 67").

2.  Item 67 stated as follows:  "That the Board of County Commissioners declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists; and in the event of a declaration of vacancy, direct staff on methods for filling the vacancy.  (For possible action)."

3.  Before Clark County could "declare that Robert L. Eliason…has forfeited his office," Constable Eliason filed suit in the Nevada State Court, seeking among other relief, a preliminary injunction.

4.  The State Court enjoined Clark County from declaring a forfeiture of the North Las Vegas Constable's Office (the "Preliminary Injunction"), making among others, the following Findings of Fact and Conclusions of Law:

ASHCRAFT & BARR | LLP

2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555          ASHCRAFTBARR.COM

- "NRS 258.030 authorizes Clark County to fill any vacancy in Constable Eliason's position." [Ex. "A," 2:13-14];

- "NRS 258.007 does not confer upon Clark County the authority to declare such a vacancy…." [Ex. "A," 2:15-16];

- "A Quo Warranto action is a formal and ancient proceeding to remove a person who has been duly elected to public office." [Ex. "A," 2:20-21];

- "A Quo Warranto action is the proper procedure for determining a forfeiture of office, including a forfeiture as a matter of law." [Ex. "A," 2:24-25];

- "Clark County does not have the authority to maintain a Quo Warranto action." [Ex. "A," 3:1];

- "This Court finds that Constable Eliason will likely succeed on the merits." [Ex. "A," 3:12].

After the State Court issued the Preliminary Injunction, Clark County removed this action to this Court.

### III. <u>LEGAL ANALYSIS:  DECLARATORY JUDGMENT IS WARRANTED</u>

The Declaratory Judgment Act permits a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 USC § 2201(a).  "[D]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Asso. v. Am. Cas. Co.*, 873 F.2d 229, 231 (9th Cir. 1989) (internal citations and quotations omitted).

Here, the Court's declaratory judgment will serve a useful purpose in clarifying and settling the purely legal issue of whether, under Nevada law, Clark County has the unilateral power to remove a duly-elected officer from his elected-office without any court proceeding, whatsoever.  The Court's declaratory judgment will also afford relief from the uncertainty surrounding Clark County's illegal actions—actions that gave rise to the instant proceeding.

ASHCRAFT & BARR | LLP

2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555         ASHCRAFTBARR.COM

No Nevada law grants Clark County the authority to unilaterally and arbitrarily declare a forfeiture of the constable's office.  Declaring a "forfeiture" of an elected office is manifestly a judicial function performed by the courts by issuing a writ quo warranto.  NRS 35.010(2). The statute provides that "[a] civil action may be brought in the name of the State [a]gainst a public officer…who does or suffers an act which, by the provisions of law, works a forfeiture of the office."  *Id.* (Emphasis added.)  Indeed, quo warranto is the "exclusive" remedy to challenge whether an elected official "has forfeited his or her right to enjoy the privilege" of office.  *Heller v. Legislature*, 93 P.3d 746, 751 (Nev. 2004).[1]  "Quo warranto generally is available to challenge an individual's right to hold office and to oust the individual from the office if the individual's claim to it is invalid or has been forfeited.  *Lueck v. Teuton (In re Teuton)*, 219 P.3d 895, 898 (Nev. 2009) (emphasis added.)

Moreover, Clark County does not even possess the standing to file a writ quo warranto. In this case, standing to institute a civil action for quo warranto rests solely with the Attorney General at the direction of the Governor.  NRS 35.030; *see also*, *Lueck v. Teuton (In re Teuton)*, 219 P.3d 895, 898 (2009) (no general standing to request writ quo warranto).

Indeed, prior to removal of this action, the Preliminary Injunction previously issued enjoined Clark County from declaring a forfeiture of the North Las Vegas Constable's Office. The State Court made, among others, the following Findings of Fact and Conclusions of Law:

- "NRS 258.030 authorizes Clark County to fill any vacancy in Constable Eliason's position."  [Ex. "A," 2:13-14];

- "NRS 258.007 does not confer upon Clark County the authority to declare such a vacancy…."  [Ex. "A," 2:15-16];

---

[1] *Accord* AGO 2017-14 (February 5, 2018) (holding that "Quo warranto is not the exclusive remedy to challenge the authority of a county official to hold office" because NRS 283.440 permits removal of an elected office holder for "nonfeasance" in an independent civil action). AGO 2017-14 serves to confirm that the Nevada courts, alone, have the power to remove an elected official from office—Clark County does not possess that authority.

ASHCRAFT & BARR | LLP

2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555    ASHCRAFTBARR.COM

- "A Quo Warranto action is a formal and ancient proceeding to remove a person who has been duly elected to public office." [Ex. "A," 2:20-21];
- "A Quo Warranto action is the proper procedure for determining a forfeiture of office, including a forfeiture as a matter of law." [Ex. "A," 2:24-25];
- "Clark County does not have the authority to maintain a Quo Warranto action." [Ex. "A," 3:1];
- "This Court finds that Constable Eliason will likely succeed on the merits." [Ex. "A," 3:12].

In accordance with the State Court's Preliminary Injunction, Constable Eliason now seeks a judgment from this Court declaring the following: (1) only the Nevada State courts may declare a forfeiture of an elected official's office; (2) Clark County possesses no unilateral authority under Nevada law to "declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists"; and (3) Agenda Item 67 on the July 18, 2017 County Commission Meeting, which seeks to "declare that that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists," is illegal under Nevada law.

DATED this 17th day of August, 2018.

ASHCRAFT & BARR | LLP
*/s/ Jeffrey F. Barr*
JEFFREY F. BARR, ESQ.
Nevada Bar No. 7269
barrj@AshcraftBarr.com
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 631.7555
Facsimile: (702) 631.7556
Attorneys for Plaintiff Robert Eliason

## **CERTIFICATE OF SERVICE**

I certify that on this 17th day of August, 2018, I served the foregoing **PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**, to those parties registered and listed on the CM/ECF electronic case filing, and for those not listed, by first class mail, postage pre-paid, to the following:

Thomas D. Dillard, Esq.
OLSON, CANNON, GORMLEY,
 ANGULO & STOBERSKI
9950 W. Cheyenne Ave.
Las Vegas, NV 89129
*Attorneys for Defendant Clark County*

Michael D. Jensen, Sr. Deputy Atty. General
OFFICE OF THE ATTORNEY GENERAL
555 Wright Way
Carson City, NV 89711
*Attorneys for Defendant State of Nevada ex rel.*
*Nevada Commission on Peace Officers' Standards & Training*

_____*/s/ Michelle Harrell*_____
An Employee of ASHCRAFT & BARR | LLP

# EXHIBIT A

Electronically Filed
8/18/2017 2:47 PM
Steven D. Grierson
CLERK OF THE COURT

ORDR

KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
kevans@efstriallaw.com
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
cfears@efstriallaw.com
EVANS FEARS & SCHUTTERT L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 805-0290
Facsimile: (702) 805-0291

JEFFREY F. BARR, ESQ
Nevada Bar No. 7269
barrj@AshcraftBarr.com
ASHCRAFT & BARR | LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 631.7555
Facsimile: (702) 631.7556

Attorneys for Plaintiff

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555 ASHCRAFTBARR.COM

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township,

Plaintiff,

v.

CLARK COUNTY, a political subdivision of the State of Nevada; MIKE SHERLOCK, in his official capacity as Executive Director of the Nevada Commission on Peace Officer Standards & Training,

Defendant.

**Case No.: A-17-758319-C**
**Dept. No.: VI**

**ORDER GRANTING PRELIMINARY INJUNCTION**

Plaintiff ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township ("Constable Eliason") filed his Motion for Issuance of Writ of Prohibition, or in the alternative Preliminary Injunction ("Motion"), against Defendant CLARK COUNTY ("Clark County"). Clark County filed an Opposition to the Motion. Constable Eliason filed a Reply in support of his Motion. The Court held a hearing and heard oral argument from counsel for both parties.

This Court, having reviewed and considered the papers and pleadings on file herein, and

having entertained oral argument, and good cause appearing therefore, the Court hereby makes the following Findings of Facts, Conclusions of Law and Order.

### FINDINGS AND CONCLUSIONS OF LAW

1. In light of the expedited nature of these proceedings, the Court addresses the Motion for Preliminary Injunction, the alternative relief sought by Constable Eliason. [ROP 29:9-14.] *and declines to issue a writ of prohibition.* EFC

2. The issue before the Court on the Motion for Preliminary Injunction is whether Clark County has the authority to declare forfeiture of Constable Eliason's position pursuant to NRS 258.007. [ROP 29:16-19.]

3. NRS 258.007 requires Constables in counties and townships over a certain population size to receive Peace Officer Standards and Training Certification. [ROP 29:25; 30:1-4.] *North Las Vegas meets these population requirements, and as the North Las Vegas Constable, Constable Eliason is required to receive POST certification* EFC

4. NRS 258.030 authorizes Clark County to fill any vacancy in Constable Eliason's position. [ROP 30:8.]

5. NRS 258.007 does not confer upon Clark County the authority to declare such a vacancy. *but instead provides if a constable does not comply with the required certification, the constable forfeits his office and a vacancy is created, which must be filled pursuant to NRS 258.030.* EFC

6. NRS 35.010(2), provides, in relevant part, that "A civil action may be brought in the name of the State against a public officer who does or suffers an act which by the provisions of law works a forfeiture of the office." ("Quo Warranto action")

7. A Quo Warranto action is a formal and ancient proceeding to remove a person who has been duly elected to public office. [ROP 31:10-16.]

8. Writs quo warranto are set out in the Nevada Constitution as a remedy that is available to the courts of the State of Nevada and NRS ch. 35 outlines the process.

9. A Quo Warranto action is the proper procedure for determining a forfeiture of office, including a foreiture as a matter of law. [ROP 31:21-25.]

10. NRS 35.030 confers standing to institute a Quo Warranto action solely to the Attorney General at the direction of the Governor.

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE · STE 900 · LAS VEGAS, NV 89102
702.631.7555     ASHCRAFTBARR.COM

11. Clark County does not have the authority to maintain a Quo Warranto action, *Pursuant to Heller v. Legislature, 120 Nev. 456, 463-64, 93 P.3d 746, 751 (2004), EFC*

12. A Quo Warranto action is the exclusive remedy to obtain a declaration that a forfeiture of public office has occurred by provisions of law, *including that in NRS 258.007. EFC* [ROP 31:21-25.]

13. The following four factors are considered when determining whether to order preliminary injunctive relief: (a) The threat of immediate, irreparable harm; (b) the likelihood that the party seeking a preliminary injunction will be successful on the merits of the underlying action; (c) whether the balance of interests weighs in favor of the party seeking the preliminary injunction; and (d) whether issuance of the preliminary injunction is in the public's interest. *Clark County School District v. Buchanan*, 112 Nev. 1146, 1150, 924 P.2d 716, 719 (1996); *see also, Number One Rent-A-Car v. Ramada Inns*, 94 Nev. 779, 780, 587 P.2d 1329, 1330 (1978).

14. This Court finds that Constable Eliason will likely succeed on the merits. [ROP 31:21-25; 32:1.]

15. This Court finds that absent an injunction, irreparable injury to Constable Eliason would occur. [ROP 32:2-8.]

16. This Court finds that the balance of the hardships weighs in Constable Eliason's favor. There is no apparent substantial or certain irreparable injury to Clark County if an injunction is issued; however, Constable Eliason is likely to suffer substantial and irreparable injury if an injunction is not issued. [ROP 32.9:14.]

17. This Court finds that in terms of public policy, the Quo Warranto action is the established method to ensure due process is afforded and all rights are protected before an elected official is removed from office; therefore, public policy favors the grant of the preliminary injunction on that basis. [ROP 32:15-20.]

## ORDER

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Preliminary Injunction is hereby GRANTED,

Page 3 of 4

ASHCRAFT & BARR | LLP

2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555
ASHCRAFTBARR.COM

2.  Defendant Clark County and its governing body, the Board of County Commissioners, and its agents and employees are enjoined and restrained from proceeding during the pendency of this action in voting on or declaring the forfeiture of Robert Eliason of the Office of Constable of North Las Vegas Township;

3.  Defendant Clark County and its governing body, the Board of County Commissioners, and its agents and employees are enjoined and restrained from proceeding during the pendency of this action in filling any vacancy in the Office of Constable of North Las Vegas Township, unless such vacancy is declared pursuant to a Nevada court in a writ quo warranto;

4.  Plaintiff's bond posted pursuant to NRCP 65(c) with this Court in the amount of $1,000.00 on July 17, 2017, shall remain on file with this Court.

DATED this _16_ th day of _August_ 2017.

_____
DISTRICT COURT JUDGE   ADo.

Prepared and submitted by
ASHCRAFT & BARR | LLP

_____
JEFFREY F. BARR, ESQ.
Nevada Bar No. 7269
barrj@AshcraftBarr.com
ASHCRAFT & BARR | LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 631.7555
Facsimile:  (702) 631.7556

KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
kevans@efstriallaw.com
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
cfears@efstriallaw.com
EVANS FEARS & SCHUTTERT L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 805-0290
Facsimile:  (702) 805-0291
Attorneys for Plaintiff

Page 4 of 4

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
ASHCRAFTBARR.COM
702.631.7555



**Exhibit C**

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:    702-383-0701
tdillard@ocgas.com

Attorneys for Defendant
CLARK COUNTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \*

ROBERT ELIASON, an individual and in his )
official capacity as Constable of North Las )
Vegas Township, )        CASE NO.  2:17-cv-3017-JAD-CWH
)
Plaintiff, )
)
vs. )
)
CLARK COUNTY, a political subdivision of )
the State of Nevada; NEVADA COMMISSION )
ON PEACE OFFICER STANDARDS & )
TRAINING, )
)
Defendants. )
_____)

## OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND COUNTER MOTION FOR RECONSIDERATION OF THE ORDER GRANTING PLAINTIFF A PRELIMINARY INJUNCTION

COMES NOW Defendant CLARK COUNTY, by and through its counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI and hereby opposes Plaintiff's Motion for Declaratory Judgment [Doc. #41] and moves for reconsideration of the state court order dated August 18, 2018.

This Opposition is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The parties evidently agree that issues presented to the Court with regard to Plaintiff's claims against Clark County are questions of law.  The facts are undisputed that Plaintiff, the last elected North Las Vegas Constable, has not become a category II, certified peace officer by the extended deadline permitted by NRS 258.007(1) even though more than two years has elapsed since the deadline passed.[1]  The questions of law pertain to Clark County's potential statutory remedies to remove the non-compliant constable from office. Plaintiff has attempted to limit removal of public officers from office only to the procedure prescribed by NRS 35.010, or *quo warranto*.  Plaintiff seeks to define quo warranto as the only "proper procedure" because "Clark County does not have the authority to maintain a *Quo Warranto* action." [#41, pg. 3 lines 7-10].

Plaintiff obtained a preliminary injunction order from the state court prior to removal that should have been narrowly tailored to whether NRS 258.007 provides an independent basis for removal.[2] Clark County argued that NRS 228.007(2) was a self-executing statute that caused Plaintiff to forfeit his office after he failed to obtain a category II certification by the time allotted set forth in NRS 228.007(1).  In other words, Clark County interpreted the statute to hold that the forfeiture of Plaintiff's office went into effect immediately at that time without the need of

---

[1]NRS 258.007(1)  states:

> Each constable of a township whose population is 100,000 or more and which is located in a county whose population is 700,000 or more, . . .  shall become certified by the Peace Officers' Standards and Training Commission as a category II police officer within 1 year after the date on which the constable commences his or her term of office or appointment unless the commission, for good cause shown, grants in writing an extension of time, which must not exceed 6 months.

[2] NRS 258.007(2) states:

> If a constable does not comply with the provisions of subsection 1, the constable **forfeits** his or her office and a vacancy is created which **must be filled** in accordance with NRS 258.030 [by the board of county commissioners]. (emphasis added).

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

subsequent court action. The state court disagreed with Clark County's interpretation and concluded that NRS 228.007 was not self-executing, but required a separate judicial action to effect a forfeiture of office. Clark County maintains this interpretation was contrary to the legislative intent and the plain language of the statute and, thus, the state court order should be revisited by this Honorable Court. Clark County further contends now that this misinterpretation was aggravated by the inclusion of some *dicta* in the order indicating that *quo warranto* is the exclusive remedy to oust a Nevada public official from office. Plaintiff's motion seemingly seeks a declaratory order from the court that improperly elevates the exclusive remedy *dicta* part of this order to stand as the law of the case. The foregoing makes clear that *quo warranto* is not the only "proper procedure for determining a forfeiture of office " and this argument is plainly inconsistent with Nevada statutory law. The Court should now deny Plaintiff's motion for declaratory judgment by instead declaring that Clark County has alternative statutory authority to take action to remove Plaintiff from office pursuant to both NRS 283.440 (removal for nonfeasance) and NRS 258.010(3) (abolishing the office). The Court should also grant Clark County's motion for reconsideration of the order granting the preliminary injunction by finding the forfeiture clause of NRS 228.007 is self-executing and an independent statutory basis to remove Plaintiff from office.

## II.   PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

1.     In 2013, the Nevada Legislature passed NRS 258.007 placing requirements on certain constables of larger townships to comply with certain Nevada Peace Officers Standard and Training ("POST") requirements set forth in NRS Chapter 289.[3]

2.     The City of North Las Vegas qualified as one of those townships at that time because it had a population well in excess of 220,000 and it is located in Clark County that had a

---

[3] There was an amendment to NRS 258.007 made on June 9, 2015 that did not change the requirements for Plaintiff to become a category II peace officer in Nevada that were put in place with the original legislation effective July 1, 2013. Contrary to Plaintiff's suggestion otherwise, the law did not place additional requirements on Plaintiff after he took office. The applicable two versions of this statute are attached as Exhibit ""A".

1    population then of approximately 2,000,000.[4]

2        3.    Plaintiff Robert Eliason was elected in 2014 and took office as the North Las

3    Vegas Constable on January 4, 2015.[5]

4        4.    On November 5, 2015, Plaintiff obtained a six month extension from the State of

5    Nevada POST Commission pursuant to NRS 289.550 and consequently had until July 4, 2016 to

6    complete minimum standards of training for category II peace officers pursuant to NRS 289.150

7    to continue to hold his elected office.[6]

8        5.    On June 29, 2016, the State of Nevada POST Commission sent the Clark County

9    Commission a written notice that Plaintiff had not met the requirements of NRS 289.550;

10   consequently, he was declared to not be a certified peace officer. The correspondence further

11   stated that this failure to complete the training results in the forfeiture of his office pursuant to

12   NRS 258.007 and provided Clark County a notification that he does not have any peace officer

13   powers.[7]

14       6.    On July 5, 2017, a year following the POST notification, the Assistant County

15   Manager cleared item 67 for the agenda for the July 18, 2017 meeting to proceed with Clark

16   County's statutory obligations under NRS 258.330[8] to fill the vacancy of the North Las Vegas

17   Constable's office which had become forfeit pursuant to NRS 258.007(2).

18   / / /

19

20   [4]www.cityofnorthlasvegas.com/Departments/CityManager/PDFs/EconomicDevelopment/North
21   _Las_Vegas_Overview_March-2013.pdf

22   [5]www.nvsos.gov/SOSelectionPages/results/2014StateWideGeneral/Clark.aspx; Verified
23   Complaint at para. 9.

24   [6] Exhibit 3 to Plaintiff's Motion for Writ of Prohibition.

25   [7] June 29, 2016 Correspondence from Execute Director Michael D. Sherlock to the Clark
26   County Commission and Clark County Counsel, attached as Exhibit "B".

27   [8] NRS 258.030 states: "Except for those townships that the boards of county commissioners
     have determined do not require the office of constable, if any vacancy exists or occurs in the
28   office of constable in any township, the board of county commissioners **shall** appoint a person
     to fill the vacancy pursuant to NRS 245.170." (emphasis added).

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

7. On July 14, 2017, Plaintiff obtained an *ex parte* order for a temporary restraining order enjoining the Board of County Commissioners ("BCC") from proceeding with item 67 on the agenda for meeting on July 18, 2017.

8. On August 16, 2017, the Eighth Judicial District Court of Nevada, the Honorable Judge Elissa F. Cadish, entered an order granting Plaintiff's motion for a preliminary injunction and enjoined Clark County from "proceeding during the pendency of this action in voting on or declaring the forfeiture of Robert Eliason of the Office of Constable of North Las Vegas Township or filling a vacancy for the office "unless such vacancy is declared pursuant to a Nevada court in a writ of quo warranto."[9] The district court declined to issue a writ of prohibition on the issue, however.[10] The order further, in dicta, stated the following:

> Pursuant to <u>Heller v. Legislature</u>, 120 Nev. 458, 463-64, 93 P.3d 746, 751 (2004), Quo Warranto is the exclusive remedy to obtain a declaration that a forfeiture of public office has occurred by provision of law including that in NRS 258.007.[11]

The district court further concluded as a matter of law that "Clark County does not have authority to maintain a Quo Warranto action.[12] The district court thus found that the only parties that had standing to pursue such an action were the State of Nevada and a person "who claims a right to hold, maintain, or assume a given public office when that right is disputed or contested."

9. Clark County then removed the item from the BCC meeting agenda scheduled for July 28, 2017 and has taken no action with respect to the issue since that time pursuant to the court's order.

10. On November 2, 2017, Plaintiff filed a First Amended Complaint and included, for the first time, a federal claim for relief pursuant to the American With Disabilities Act of 1990, 42 U.S.C. § 1201.

---

[9] Order Granting Preliminary Injunction, pg. 4 attached as Exhibit "C".

[10] <u>Id.</u> at pg. 2, lines 5-6.

[11] <u>Id.</u> at pg. 3, lines 1-4.

[12] <u>Id.</u> at pg. 3, line 1.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

11.     On December 8, 2017, Defendant Clark County removed the action to the U.S. District Court of Nevada based upon federal question jurisdiction.

12.     On February 5, 3018, the State of Nevada Office of the Attorney General issued AG Opinion No. 2017-14.[13]  In express disagreement with the court's order granting a preliminary injunction, the summary conclusion of the AG opinion states the following:

> *Quo warranto* is **not the exclusive remedy** to challenge the authority of a county official to hold office.  Because a constable is not a state officer, his right to hold a public office, after failed to satisfy the requirements of NRS 258.007, may also be challenged pursuant to NRS 283.440.[14]

The AG opinion further stated:

> The question here concerns the removal of a constable for failure to fulfill a statutory duty, that is, becoming POST certified within the time required by statute or the reasonable extension of time.  A constable's failure to become POST certified within the time required by statute is reasonably defined as "nonfeasance" or the "total neglect" of a duty necessary for the position. . . . Nonfeasance, as such, is a basis for removal pursuant to NRS 283.440.[15]

13.     On August 17, 2018, Plaintiff filed a motion for declaratory judgment pursuant to 28 U.S.C. § 2801 requesting the U.S. District Court of Nevada to declare the following:

(a)     only the Nevada State courts may declare a forfeiture of an elected official's office;

(b)     Clark County possess no unilateral authority under Nevada law "to declare that Robert L. Eliason has forfeited his office and that a vacancy exists for the North Las Vegas Constable; and

(c)     Agenda Item 67 which was on the BCC hearing over a year ago is illegal under Nevada law.

14.     Plaintiff has still not obtained a Nevada POST category II certificate, despite being now well over two years late, that is required to continue to officiate in the office of the North Las Vegas Constable pursuant to NRS 258.007(1).

---

[13] State of Nevada Office of the Attorney General Opinion No. 2017-14 (issued February 5, 2018), attached as Exhibit "D".

[14] Id. at pg. 2 (emphasis added).

[15] Id. at pg. 4 (internal citations omitted).

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

III.    **LEGAL ARGUMENT**

A.    **Clark County Has Standing to Pursue the Removal of the North Las Vegas Constable from Office for "Nonfeasance" Pursuant to NRS 283.440.**

The Nevada Legislature in NRS 283.440 clearly gave Clark County standing to take action to remove Plaintiff as the Constable of North Las Vegas for "nonfeasance" when he failed to comply with the training and certification requirements imposed by NRS 258.007(1).  The statute erects a procedure for persons, including municipal entities, to seek the removal of a person from any office in Nevada that is not expressly exempted for both malfeasance and nonfeasance.  The district court's order making the determination that *quo warranto* was the exclusive procedure to remove Plaintiff from office and Clark County had no standing to file and such action is plainly inconsistent with this statute.[16] AG Opinion No. 2017-14 correctly determined that NRS 283.440 is an alternative basis for removal and Clark County has standing to file a complaint in court requesting removal of Plaintiff from the office.  (Exhibit "C").  This Court, therefore, should not effectually affirm the legally unsound dicta in the order granting a preliminary injunction or grant Plaintiff's motion for a declaratory relief that is clearly inconsistent with NRS 258.440 as correctly interpreted by the Attorney General's office.

NRS 283.440 (Removal of certain public officers for malfeasance or nonfeasance: Procedure; appeal) is a separate procedure than quo warranto that the district court failed to account for when issuing the preliminary injunction order. NRS 283.440(1), in pertinent part, states the following:

> 1.    Any person who is now holding or who shall hereafter hold any office in this State and who refuses or neglects to perform any official act in the manner and form prescribed by law, or who is guilty of any malpractice or malfeasance in office, may be removed therefrom as hereinafter prescribed in this section . . . .
>
> 2.    Whenever a complaint in writing, duly verified by the oath of **any complainant**, is presented to the district court alleging that any officer within the jurisdiction of the court:

---

[16] In fairness to the district court, the issue of exclusive remedy was dicta as the conclusion of this language was not necessary to enjoin Clark County from declaring that the forfeiture already occurred and taking action to appoint a replacement without seeking a court order as would be required under either quo warranto or a complaint filed pursuant to NRS 283.440(2).

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

. . .

    (b)      Has refused or neglected to perform the official duties
                pertaining to the officer's office as prescribed by law; or

    (c)      Has been guilty of any malpractice or malfeasance in office,

the court shall cite the party charged to appear before it on a certain
day, not more than 10 days or less than 5 days from the day when
the complaint was presented. On that day, or some subsequent day
not more than 20 days from that on which the complaint was
presented, the court, in a summary manner, shall proceed to hear
the complaint and evidence offered by the party complained of. If,
on the hearing, it appears that the charge or charges of the
complaint are sustained, the court shall enter a decree that the party
complained of shall be deprived of the party's office.

    3.      The clerk of the court in which the proceedings are had, shall,
within 3 days thereafter, transmit to the Governor **or the board of
county commissioners of the proper county**, as the case may be,
a copy of any decree or judgment declaring any officer deprived of
any office under this section. The Governor or the board of county
commissioners, as the case may be, shall appoint some person to
fill the office until a successor shall be elected or appointed and
qualified. . . .

(emphasis added).

      The statute plainly gives "any complainant" standing to file a verified complaint in court

alleging that the constable refused or neglected to perform duties prescribed by law for failure to

the failure to comply with NRS 258.007(1). As summarized by the attorney general's office,

"any person may make a certified complaint against a constable who has refused or neglected to

perform his official duties as prescribed by law." (Exhibit "C" pg. 3). After the complaint if

filed, "the court will issue an order to show cause to consider the charges of the complaint. NRS

283.440(2)." Id. Therefore, the district court's order, prepared by Plaintiff, stating in *dicta* that

*quo warranto* was the one and only way to remove Plaintiff from office and Clark County does

not have standing to pursue any such action is plainly erroneous.

      The Court should not, therefore, grant Plaintiff declaratory judgment to the extent he

seeks an order declaring that Clark County does not have the legal authority to seek his removal

from office. Nevada law does not immunize office holders from removal from office outside of

*quo warranto*, codified in NRS 35.010. Put differently, Nevada law does not limit actions to

remove public officials from office to those brought by the State of Nevada or those persons

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

having an interest in the office themselves. The Court should affirmatively declare Clark County

may file a complaint pursuant to NRS 283.440(2) without being in violation of any order in this

instant action.

**B.** **Clark County Has Authority Under Nevada Law to Abolish the Office of the North Las Vegas Constable.**

Clark County also has authority under state law to abolish the office of the North Las

Vegas Constable on a determination that the office is "not necessary." NRS 258.010, in pertinent

part, states:

> (3)    In a county whose population:
>
>    . . .
>
>    (b)    Is 700,000 or more, if the board of county commissioners determines that the office of constable is not necessary in one or more townships within the county, it may, by ordinance, abolish the office in those townships.
>
> For a township in which the office of constable has been abolished, the board of county commissioners may, by resolution, appoint the sheriff ex officio constable to serve without additional compensation.

Clark County thus has lawful authority to remove Plaintiff from office, outside of *quo*

*warranto*, through abolishing the office altogether. This is another avenue available for Clark

County to remove Plaintiff from office upon exercising its discretion and finding the office is not

necessary.[17] The law makes clear that, contrary to Plaintiff's assertion otherwise, that only the

Nevada state courts may cause Plaintiff to be removed from office. Plaintiff cannot obtain a

declaratory judgment that stands contrary to the clear authority given to Clark County pursuant to

NRS 258.010. The Court should therefore deny Plaintiff's motion for declaratory judgment

inasmuch as Plaintiff seeks an order indicating *quo warranto* is the proper procedure for removal

and Clark County is precluded by law to remove Plaintiff from his office upon a finding that the

office is no longer necessary.

/ / /

---

[17] Clark County exercised this authority to abolish the City of Las Vegas' Constable office in 2013.

C. **The Eighth Judicial District Court Erred When It Held that NRS 258.007(2) Forfeiture of Office Clause for Failure of the Constable to Become POST Certified is Not Self-Executing and Can Only Be Enforced Through a *Quo Warranto* Action.**

Clark County maintains Plaintiff forfeited his office as a matter of self-executing statutory law pursuant to NRS 258.007(2) when he did not obtain a category II peace officer certification from Nevada POST by July 4, 2016. The district court failed to properly interpret NRS 258 creating an independent basis for ouster of a constable from office that failed to comply with the clear-cut training requirements of the office. NRS 258.007 states:

1. Each constable of a township whose population is 100,000 or more and which is located in a county whose population is 700,000 or more, and each constable of a township whose population is less than 700,000 shall become certified by the Peace Officers' Standards and Training Commission as a category II police officer within 1 year after the date on which the constable commences his or her term of office or appointment unless the commission, for good cause shown, grants in writing an extension of time, which must not exceed 6 months.

2. If a constable does not comply with the provision of subsection 1, the constable **forfeits** his or her office and a vacancy is created which **must** be filled in accordance with NRS 258.030. (emphasis added).

The word forfeit in the statute is dispositive–particularly because it is directly attached with the failure to comply with obtaining a category II certificate from the Nevada Peace Officers' Standards and Training Commission..

It has been widely recognized that the word in a statute involving the failure to meet necessary and unambiguous requirements is proof positive that the drafter intended the provision to be self-executing. See e.g., State v. Murphy, 347 Mo. 484, 148 S.W.2d 527 (S.C. 1941)(en banc); Oakland R. Co. v. Oakland, etc., R. Co., 45 Cal. 365 (1873); In re Brooklyn, etc., Ry. Co., 72 N. Y. 245 (1878); see also 63 Am.Jur.2d Public Officers and Employees § 188, p. 742; McQuillin, Municipal Corporations, vol. 4, § 1796. In other words, the word expresses the intention that the forfeiture shall take place upon the happening of the expressly identified contingency without the necessity of a judicial declaration or imprimatur of any other municipal entity. Los Angeles Athletic Club v. Board of Harbor Comm'rs of Los Angeles, 130 Cal.App

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

376, 387-88, 20 P.2d 130, 135 (1933)("Whether a breach of conditions, by the grantee of a franchise, works a forfeiture *ipso facto* depends on the language of the grant or the governing statute . . . If the statute provides that failure to complete the work within the time specified by the municipality works a forfeiture, the statute is self–executing, and failure to complete the work within the time specified ipso facto forfeits its franchise.").

In these circumstances, the courts should thus give effect to that intention whenever the question is presented in a judicial inquiry. The language of the law in question is plain and unambiguous and the court must give effect to the law according to its plain and obvious meaning. The statute affirmatively states the office is forfeited upon the failure to become a category II peace officer in the appointed time. The word forfeits makes clear that the triggering event has already occurred and requires no further action to be so. If the legislature intended that the lack of a POST certification certificate was not sufficient in and of itself, it would have used the language "may become forfeited," but it did not do so. The legislature also could have stated that the office holder "may be removed" had they intended for a separate court action be filed to effectuate the removal–as they did in NRS 283.440(1). There is no question of fact in this case that Plaintiff did not meet this requirement and so the forfeiture of his office has already occurred.

Plaintiff effectively rewrites the statute by ignoring the terms "forfeit" and "must" in an attempt to transform this mandatory, self-executing, and immediate forfeiture and office vacancy into a non-immediate, discretionary process (requiring a court to grant a petition which has limited standing). When interpreting a statutory provision, the court must first look to the plain language of the statute. Clay v. Eighth Jud. Dis. Ct., 305 P.3d 898, 902 (Nev. 2013). Legislative intent is the controlling factor in statutory construction. State v. Catanio, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). The courts thus avoid statutory interpretation that renders language meaningless or superfluous and if the statute's language is clear and unambiguous, this court should enforce the statute as written. Clay, 305 P.3d at 902. "Likewise, this court will interpret a rule or statute in harmony with other rules and statutes." Id.

Plaintiff's interpretation would contravene a cardinal rule of statutory construction to

*Law Offices of*
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

avoid an interpretation that renders a statute in whole or in part superfluous or a nullity. See Miller v. Ignacio, 112 Nev. 930, 937, 921 P.2d 882, 886 (1996); see also Association for Los Angeles Deputy Sheriffs v. County of Los Angeles, 154 Cal.App.4th 1536, 1544, 65 Cal.Rptr.3d 665 (2007); In re Maricopa County Super. Ct. No., 54 P.3d 380, 383 (Ariz. App. 2002); Coon v. City & County of Honolulu, 98 Haw. 233, 250, 47 P.3d 348, 365 (2002); State v. Beard, 22 P.3d 116, 121 (Idaho Ct.App.2001). Plaintiff's failure to give heed to the forfeiture provision disregards the plain meaning and seeks to rewrite the statute and subvert the intent of the legislature. Application of Pioneer Mill Co., 53 Haw. 573, 497 P.2d 549, 552 (1972) (holding that the failure to effectuate the plain meaning of the forfeiture of judgeship provision would "rewrite the Constitution").

The case Plaintiff principally relied upon in his motion practice before the district court does not suggest that there is any other way to interpret the subject statute. The case of Lueck v. Teuton, 125 Nev. 674, 219 P.3d 895 (2009) has no legal or factual through-line connecting it to the statute or this case. The case involves a Nevada citizen's attempt to remove a temporarily appointed district court judge from office. The petitioner filed a writ of quo warranto to remove Judge Teuton from office after the attorney general refused to do so. The Court examined NRS Chapter 35, entitled Quo Warranto, and determined the legislature did not authorize quo warranto actions by private citizens with only a general interest in seeing state law upheld.[18] The Court noted that pursuant to NRS 35.050, only persons "claiming to be entitled to a public office," or otherwise through the attorney general and "on the leave of the court," may commence a quo warranto action against the alleged unlawful officeholder or usurper. Id. at 679, 219 P.3d at 898. The petitioner's writ was denied because he did not claim to be entitled to the office.

Plaintiff suggests this case stands for the proposition that only the Attorney General or a person claiming to be entitled to the office of North Las Vegas Constable's office represent the only persons having standing to remove him from his office. This is a fair reading of those having standing pursuant to NRS Title 35. The case however does not set the limits on the

---

[18] The writ of "quo warranto generally is available to challenge an individual's right to hold office to oust the individual from office if the individual's claim to it is invalid.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

universe of possibilities as to how an office holder can lose his or her office due to nonfeasance or misfeasance. Clearly, the duly elected Nevada legislature is empowered to pass legislation creating alternative means of removal of a state officeholder from office, just like it did when it passed NRS Chapter 35 (*Quo Warranto*). This is of course precisely what occurred when the legislature passed NRS 258.007 creating a self-executing statute removing a constable from office upon failure to fulfill Nevada POST requirements in the allotted time.

In addition, the legislature also passed a very specific statute applying to constables directly, as opposed to the general *Quo Warranto* statute that has application to all state public offices.[19] The court should not construe the general *Quo Warranto* statute to preempt the very constable specific provision of NRS 258.007. See, e.g., Hinck v. United States, 550 U.S. 501, 506, 127 S.Ct. 2011 (2007) (describing the "well-established principle" that "a precisely drawn, detailed statute preempts more general remedies"; EC Term of Years Trust v. United States, 550 U.S. 429, 433, 127 S.Ct. 1763 (2007) (same); Radzanower v. Touche Ross & Co., 426 U.S. 148, 153, 96 S.Ct. 1989 (1976) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.").

Plaintiff does not argue that he has complied with the POST certification requirements of NRS 258.007(1). He rather only contends Clark County lacks authority to move forward on replacing him as the North Las Vegas Constable under NRS 38.007(1). This argument is at odds with the plain language of the statute. Plaintiff's concession that he has not obtained a category II peace officer certification from Nevada POST by the extended deadline of July 4, 2016 triggers the self-executing forfeiture provision of NRS 38.007(2). Plaintiff consequently forfeited his office by operation of statutory law at that time. There is absolutely no statutory requirement for Clark County to obtain a judicial declaration before replacing Plaintiff in this public office. Clark County therefore has full authority afforded by NRS 38.007(2) and NRS 38.030 to put the matter on a public meeting agenda and fulfill its ministerial duty set forth in these statutes. The Court

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

---

[19] "*Quo warranto* proceedings originated at common law, but the right to commence an action in *quo warranto* has since been codified at NRS Chapter 35. As codified, *quo warranto* is sued at the prerogative of the government with few exceptions." AG Opinion No. 2017-14 pg. 2 (Exhibit "C").

1   should accordingly deny Plaintiff's motion, reverse the state court order and dismiss Plaintiff's

2   claim for declaratory judgment and a writ of prohibition.

3   **IV.   LEGAL ARGUMENTS IN SUPPORT OF COUNTER-MOTION FOR**

4   **RECONSIDERATION OF THE STATE COURT ORDER**

5   Although the term "Motion for Reconsideration" is not specifically mentioned in the

6   Federal Rules of Civil Procedure, motions for reconsideration are certainly permissible in Federal

7   practice. "Reconsideration, as generally used, is a reconsideration by the same Court at which the

8   original determination was made." Above-The-Belt, Inc. v. Merrill Bohannan Roofing, Inc., 99

9   F.R.D. 99, 101 (E.D. Va. 1983). A motion for reconsideration are properly considered in the

10  circumstances of a non-final order pursuant to Federal Rule of Civil Procedure 60(b)(6).[20] See

11  Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). There are generally three grounds

12  that warrant reconsideration: (1) an intervening change in controlling law; (2) the availability of

13  new evidence; and (3) the need to correct a clear error or prevent manifest injustice. See School

14  District No. IJ, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

15  In the instant case and as set forth in section III, there are clear errors of law with the state

16  court order granting the motion for preliminary injunction to warrant reconsideration of the

17  issues now. In fact, the district court judge entered the order fully intending that it was not to be

18  a permanent order and that reconsideration of the issues was expected because the court

19  "declines to issue a writ of prohibition." (Exhibit "C" pg. 2 lines 5-6). The *dicta* portion of the

20  order pertaining to *quo warranto* is particularly appropriate for reconsideration because it was

21  included in the order even though it was not fully and fairly litigated before the district court, it is

22  in clear error because it conflicts with Nevada statutes not considered by the state court and is

23

24  [20] For purposes of reconsideration, there is no difference between Rule 59(e) and Rule 60(b)
pertinent to this instant case. The critical distinction between the two motions in a

25  reconsideration context is that a timely filed Rule 59(e) motion tolls the time for filing a notice
of appeal and a motion for reconsideration after the ten day period under Rule 60(b) does not.

26  See United States v. Nutri-Cology, Inc., 950 F.2d 394, 396-97 (9th Cir. 1992). In this case, the
order was entered on October 22, 2008 and Plaintiff's written request was received by the Court

27  on November 7, 2008. Whether a timely Rule 59 motion filed within 10 days or a Rule 60

28  motion, the outcome is the same as Plaintiff has failed to demonstrate a basis to support
reconsideration.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1   highly prejudicial to Clark County because it may foreclose clear-cut statutory rights. In addition,

2   the portion of the order limiting the application of NRS 258.007 by misinterpreting the section

3   regarding the office being forfeited upon failure to timely comply with the peace officer training

4   requirement is also in clear error and worthy of reconsideration.  Therefore, Clark County

5   respectfully submits that the clear errors in the prior court order should be reconsidered and

6   reversed by this Honorable Court.

7   **V.    CONCLUSION**

8           IN ACCORDANCE WITH THE FOREGOING, the Court should deny Plaintiff's motion

9   for a declaratory judgment pursuant to the Declaratory Judgment Act of 28 U.S.C. § 2201

10  because state law authorizes the removal of Plaintiff from office through several procedures and

11  Clark County is not legally foreclosed from taking action to do so through the courts or by an

12  independent action. The Court should also grant Clark County's motion for reconsideration of

13  the Eighth Judicial District Court's order granting a preliminary injunction by declaring that *quo*

14  *warranto* is not the exclusive remedy to be able to remove Plaintiff from office and that NRS

15  258.007 is an independent basis to declare that Plaintiff has forfeited his office.

16

17          RESPECTFULLY SUBMITTED this 30th day of August, 2018.

18

19                                          OLSON, CANNON, GORMLEY,
                                            ANGULO & STOBERSKI

20

21                                          By /s/ *Thomas D. Dillard*
                                               THOMAS D. DILLARD, JR., ESQ.

22                                             Nevada Bar No. 006270
                                               9950 West Cheyenne Avenue

23                                             Las Vegas, Nevada 89129
                                               Attorneys for Defendant

24                                             Clark County

25

26

27

28

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30ᵗʰ day of August, 2018, I served the above

**OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND**

**COUNTER MOTION FOR RECONSIDERATION OF THE ORDER GRANTING**

**PLAINTIFF A PRELIMINARY INJUNCTION** through the CM/ECF system of the United

States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage

pre-paid), upon the following:

Kelly A. Evans, Esq.
Chard R. Fears, Esq.
EVANS FEARS & SCHUTTERT, LLP
2300 W. Sahara Ave., Ste. 900
Las Vegas, Nevada 89102
P: 702-805-0290
F: 702-805-0291
kevans@efstriallaw.com
cfears@efstriallaw.com

Jeffery F. Barr, Esq.
ASHCRAFT & BARR, LLP
2300 W. Sahara Ave., Ste. 900
Las Vegas, Nevada 89102
P: 702-631-7555
F: 702-631-7556
barrj@ashcraftbarr.com

Attorneys for Plaintiff

Adam Paul Laxalt, Esq.
Attorney General
Michael D. Jenson, Esq.
Senior Deputy Attorney General
555 Wright Way
Carson City, Nevada 89711
P: 775-684-4603
F: 775-684-4601
mjensen@ag.nv.gov
Attorneys for Defendant
Nevada Commission on Peace
Officer Standards & Training

/s/ Melissa Burgener
An Employee of Olson, Cannon, Gormley,
Angulo & Stoberski

Page 16 of 16

# EXHIBIT A

NRS 258.007

258.007. Certification as category I or category II peace officer..., NV ST 258.007

West's Nevada Revised Statutes Annotated
  Title 20. Counties and Townships: Formation, Government and Officers (Chapters 243-260)
    Chapter 258. Constables

This section has been updated. Click here for the updated version.

N.R.S. 258.007

258.007. Certification as category I or category II peace officer required in certain townships; forfeiture of office

Effective: July 1, 2013 to June 8, 2015

1. Each constable of a township whose population is 15,000 or more or a township that has within its boundaries a city whose population is 15,000 or more shall become certified by the Peace Officers' Standards and Training Commission as a category I or category II peace officer within 1 year after the date on which the constable commences his or her term of office or appointment unless the Commission, for good cause shown, grants in writing an extension of time, which must not exceed 6 months.

2. If a constable does not comply with the provisions of subsection 1, the constable forfeits his or her office and a vacancy is created which must be filled in accordance with NRS 258.030.

Credits
Added by Laws 2013, c. 485, § 8.6, eff. July 1, 2013.

N. R. S. 258.007, NV ST 258.007
Current through the 79th Regular Session (2017) of the Nevada Legislature with all legislation operative or effective up to and including June 16, 2017 subject to change from the reviser of the Legislative Bureau.

---

End of Document                            © 2017 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

West's Nevada Revised Statutes Annotated
Title 20. Counties and Townships: Formation, Government and Officers (Chapters 243-260)
Chapter 258. Constables

N.R.S. 258.007

258.007. Certification as category II peace officer required in certain townships; forfeiture of office

Effective: June 9, 2015
Currentness

1. Each constable of a township whose population is 100,000 or more and which is located in a county whose population is 700,000 or more, and each constable of a township whose population is 250,000 or more and which is located in a county whose population is less than 700,000, shall become certified by the Peace Officers' Standards and Training Commission as a category II peace officer within 1 year after the date on which the constable commences his or her term of office or appointment unless the Commission, for good cause shown, grants in writing an extension of time, which must not exceed 6 months.

2. If a constable does not comply with the provisions of subsection 1, the constable forfeits his or her office and a vacancy is created which must be filled in accordance with NRS 258.030.

Credits
Added by Laws 2013, c. 485, § 8.6, eff. July 1, 2013. Amended by Laws 2015, c. 438, § 10, eff. June 9, 2015.

N. R. S. 258.007, NV ST 258.007
Current through the 79th Regular Session (2017) of the Nevada Legislature with all legislation operative or effective up to and including June 16, 2017 subject to change from the reviser of the Legislative Bureau.

End of Document                                      © 2017 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B
Correspondence dated 6/29/16



STATE OF NEVADA
COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING
5587 Wa Pai Shone Avenue
Carson City, Nevada 89701
(775) 687-767B   FAX (775) 687-4911

BRIAN SANDOVAL
*Governor*

MICHAEL D. SHERLOCK
*Executive Director*

June 29, 2016

Clark County Commission
Commission Chairman Steve Sisolak
500 S. Grand Central Pkwy 6th Floor
Las Vegas, NV 89155

Clark County D.A., County Counsel
Mary Anne Miller
200 Lewis Ave
Las Vegas, NV 89101

To Whom It May Concern,

Nevada POST wishes to inform Clark County the status of elected North Las Vegas Township
Constable Robert L. Eliason. As you may know, NRS 258.007 states the following:   Certification as
category II peace officer required in certain townships; forfeiture of office.

   1.   Each constable of a township whose population is 100,000 or more and which is located in a
county whose population is 700,000 or more, and each constable of a township whose population is
250,000 or more and which is located in a county whose population is less than 700,000, shall become
certified by the Peace Officers' Standards and Training Commission as a category II peace officer
within 1 year after the date on which the constable commences his or her term of office or
appointment unless the Commission, for good cause shown, grants in writing an extension of time,
which must not exceed 6 months.
   2.   If a constable does not comply with the provisions of subsection 1, the constable forfeits his or
her office and a vacancy is created which must be filled in accordance with NRS 258.030.
   (Added to NRS by 2013, 2946; A 2015, 2516)

In addition, NRS 289.550 states:   Persons required to be certified by Peace Officers' Standards and
Training Commission; period by which certification is required.

   1.   Except as otherwise provided in subsection 2 and NRS 3.310, 4.353, 258.007 and 258.060, a
person upon whom some or all of the powers of a peace officer are conferred pursuant to NRS 289.150
to 289.360, inclusive, must be certified by the Commission within 1 year after the date on which the
person commences employment as a peace officer unless the Commission, for good cause shown,

grants in writing an extension of time, which must not exceed 6 months, by which the person must become certified. A person who fails to become certified within the required time shall not exercise any of the powers of a peace officer after the time for becoming certified has expired.

Both statutes require a peace officer to be certified within 12 months of the date of hire or appointment and allow for one six month extension upon showing of good cause. Certification requires a person appointed to a peace officer position to 1. Successfully complete a basic training course (academy), 2. Pass the state certification written exam and 3. Pass the state physical fitness test.

Records show that North Las Vegas Township exceeds the minimum population of 100,000 and Clark County exceeds the minimum population of 700,000, meeting the requirement to be certified under NRS 258.007. It should also be noted that even in counties or townships below the population threshold, should the constable exercise some or all of the peace officer powers, the constable must be certified by POST.

Mr. Eliason was granted one six month extension by the POST Commission. That extension expires on July 4th, 2016. This was based on his taking office January 4th, 2015. At this point, it appears Mr. Eliason has not met any of the certification requirements. We have been notified by Clark County law enforcement academies that Mr. Eliason has not enrolled or has failed to attend a basic training course (academy). A check with our Training Division shows Mr. Eliason has not enrolled in our academy here at POST. In addition, he has not reported to us that he has passed the physical fitness test, nor has he attempted to schedule the state certification test. That said, it should be noted that the physical fitness test must be passed during the basic training course (academy) and the state certification test is only available after completion of the basic training course (academy). Clearly, he would not be able to complete an academy before the expiration of his extension.

This letter is to inform Clark County that Mr. Eliason has not met the requirements of NRS 289.550 nor has he met the specific requirements for constables in NRS 258.007. He has not met the certification requirements and as such, he is not a certified peace officer in Nevada. In addition, to the requirement of the office being forfeited under NRS 258.007, it should be noted that a person who has not fulfilled the requirements for certification, does not have peace officer powers.

POST is providing this information as it is our duty to insure peace officer standards are met and agencies are in compliance with those standards. In this case (constables), the NRS indicates the County Commission as the authority regarding non-compliance and appointments to vacated offices.

Should you have any questions, do not hesitate in contacting me.


Sincerely,

*M. Sherlock*

Michael Sherlock
Executive Director, POST

2

# EXHIBIT C

Notice of Entry of Order re: Preliminary Injunction

Electronically Filed
8/21/2017 11:08 AM
Steven D. Grierson
CLERK OF THE COURT

1  **NEO**
  KELLY A. EVANS, ESQ.
2  Nevada Bar No. 7691
  kevans@efstriallaw.com
3  CHAD R. FEARS, ESQ.
  Nevada Bar No. 6970
4  cfears@efstriallaw.com
  EVANS FEARS & SCHUTTERT L.L.P.
5  2300 West Sahara Avenue, Suite 900
  Las Vegas, NV 89102
6  Telephone: (702) 805-0290
  Facsimile: (702) 805-0291
7
  JEFFREY F. BARR, ESQ
8  Nevada Bar No. 7269
  barrj@AshcraftBarr.com
9  ASHCRAFT & BARR | LLP
  2300 West Sahara Avenue, Suite 900
10  Las Vegas, NV 89102
  Telephone: (702) 631.7555
11  Facsimile: (702) 631.7556

12  Attorneys for Plaintiff

13                    **DISTRICT COURT**

14                **CLARK COUNTY, NEVADA**

15  ROBERT ELIASON, an individual        **CASE NO.** A-17-758319-C
                    Plaintiff,
16  v.                                   **DEPT NO.** 6  VI

17  CLARK COUNTY, a political subdivision   **NOTICE OF ENTRY OF ORDER**
  of the State of Nevada; MIKE SHERLOCK,
18  in his official capacity as Executive Director
  of the Nevada Commission on Peace Officer
19  Standards & Training; NEVADA
  COMMISSION ON PEACE OFFICER
20  STANDARDS & TRAINING,
                    Defendants.
21

22                **NOTICE OF ENTRY OF ORDER**

23  TO:        CLARK COUNTY.

24  TO:        THEIR ATTORNEYS OF RECORD.

25      PLEASE TAKE NOTICE that an Order was entered in the above-entitled matter on August

26  18th, 2017.

27
                        Page 1 of **2**

ASHCRAFT & BARR | LLP
2300 WEST SAHARA AVENUE · STE 900 · LAS VEGAS, NV 89102
702.631.7555   ASHCRAFTBARR.COM

1    A copy of said Order is attached hereto.

2    DATED this 21st day of August 2017.

3

4                                    ASHCRAFT & BARR | LLP
                                     /s/Jeffrey F. Barr
5                                    JEFFREY F. BARR, ESQ.
                                     Nevada Bar No. 7269
6                                    barrj@AshcraftBarr.com
                                     2300 West Sahara Ave.
7                                    Suite 900
                                     Las Vegas, NV 89102
8                                    Telephone:  (702) 631.7555
                                     Facsimile:  (702) 631.7556
9                                    Attorneys for Plaintiff

10

11

12        **CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

13    I hereby certify that on this 21st day of August, 2017, the foregoing Notice of Entry of

14   Order was electronically served to all registered parties in case number A-17-758319-C.

15

16

17                            _____
                                     /s/Janelle Graft
18                            An employee of ASHCRAFT & BARR |LLP

19

20

21

22

23

24

25

26

27

                                Page **2** of **2**

1  **ORDR**
   KELLY A. EVANS, ESQ.
2  Nevada Bar No. 7691
   kevans@efstriallaw.com
3  CHAD R. FEARS, ESQ.
   Nevada Bar No. 6970
4  cfears@efstriallaw.com
   EVANS FEARS & SCHUTTERT L.L.P.
5  2300 West Sahara Avenue, Suite 900
   Las Vegas, NV 89102
6  Telephone:  (702) 805-0290
   Facsimile:  (702) 805-0291
7
   JEFFREY F. BARR, ESQ
8  Nevada Bar No. 7269
   barrj@AshcraftBarr.com
9  ASHCRAFT & BARR | LLP
   2300 West Sahara Avenue, Suite 900
10 Las Vegas, NV 89102
   Telephone:  (702) 631.7555
11 Facsimile:  (702) 631.7556
12 Attorneys for Plaintiff

## DISTRICT COURT

### CLARK COUNTY, NEVADA

13

14 ROBERT ELIASON, an individual and in his
   official capacity as Constable of North Las
15 Vegas Township,

                              Plaintiff,
16
   v.
17
   CLARK COUNTY, a political subdivision of
18 the State of Nevada; MIKE SHERLOCK, in
   his official capacity as Executive Director of
19 the Nevada Commission on Peace Officer
   Standards & Training,
20                            Defendant.

Case No.:  A-17-758319-C
Dept. No.: VI

**ORDER GRANTING PRELIMINARY
INJUNCTION**

21      Plaintiff ROBERT ELIASON, an individual and in his official capacity as Constable of

22 North Las Vegas Township ("Constable Eliason") filed his Motion for Issuance of Writ of

23 Prohibition, or in the alternative Preliminary Injunction ("Motion"), against Defendant

24 CLARK COUNTY ("Clark County").  Clark County filed an Opposition to the Motion.

25 Constable Eliason filed a Reply in support of his Motion.  The Court held a hearing and heard

26 oral argument from counsel for both parties.

27      This Court, having reviewed and considered the papers and pleadings on file herein, and

Page 1 of 4

having entertained oral argument, and good cause appearing therefore, the Court hereby makes the following Findings of Facts, Conclusions of Law and Order.

### FINDINGS AND CONCLUSIONS OF LAW

1. In light of the expedited nature of these proceedings, the Court addresses the Motion for Preliminary Injunction, the alternative relief sought by Constable Eliason. [ROP 29:9-14.] *and declines to issue a writ of prohibition.* EFC

2. The issue before the Court on the Motion for Preliminary Injunction is whether Clark County has the authority to declare forfeiture of Constable Eliason's position pursuant to NRS 258.007. [ROP 29:16-19.]

3. NRS 258.007 requires Constables in counties and townships over a certain population size to receive Peace Officer Standards and Training Certification. [ROP 29:25; 30:1-4.] *North Las Vegas meets these population requirements, and as the North Las Vegas Constable, Constable Eliason is required to receive POST certification.* EFC

4. NRS 258.030 authorizes Clark County to fill any vacancy in Constable Eliason's position. [ROP 30:8.]

5. NRS 258.007 does not confer upon Clark County the authority to declare such a vacancy, *but instead provides if a constable does not comply with the required certification, the constable forfeits his office and a vacancy is created, which must be filled pursuant to NRS 258.030.* EFC

6. NRS 35.010(2), provides, in relevant part, that "A civil action may be brought in the name of the State against a public officer who does or suffers an act which by the provisions of law works a forfeiture of the office." ("Quo Warranto action")

7. A Quo Warranto action is a formal and ancient proceeding to remove a person who has been duly elected to public office. [ROP 31:10-16.]

8. Writs quo warranto are set out in the Nevada Constitution as a remedy that is available to the courts of the State of Nevada and NRS ch. 35 outlines the process.

9. A Quo Warranto action is the proper procedure for determining a forfeiture of office, including a forefiture as a matter of law. [ROP 31:21-25.]

10. NRS 35.030 confers standing to institute a Quo Warranto action solely to the Attorney General at the direction of the Governor.

ASHCRAFT & BARR | LLP

2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555   ASHCRAFTBARR.COM

11. Clark County does not have the authority to maintain a Quo Warranto action, *Pursuant to Heller v. Legislature, 120 Nev. 456, 463-64, 93 P.3d 746 751 (2004),* EEC

12. *A* Quo Warranto action is the exclusive remedy to obtain a declaration that a forfeiture of public office has occurred by provisions of law, *including that in NRS 258.007.* EEC [ROP 31:21-25.]

13. The following four factors are considered when determining whether to order preliminary injunctive relief: (a) The threat of immediate, irreparable harm; (b) the likelihood that the party seeking a preliminary injunction will be successful on the merits of the underlying action; (c) whether the balance of interests weighs in favor of the party seeking the preliminary injunction; and (d) whether issuance of the preliminary injunction is in the public's interest. *Clark County School District v. Buchanan*, 112 Nev. 1146, 1150, 924 P.2d 716, 719 (1996); *see also*, *Number One Rent-A-Car v. Ramada Inns*, 94 Nev. 779, 780, 587 P.2d 1329, 1330 (1978).

14. This Court finds that Constable Eliason will likely succeed on the merits. [ROP 31:21-25; 32:1.]

15. This Court finds that absent an injunction, irreparable injury to Constable Eliason would occur. [ROP 32:2-8.]

16. This Court finds that the balance of the hardships weighs in Constable Eliason's favor. There is no apparent substantial or certain irreparable injury to Clark County if an injunction is issued; however, Constable Eliason is likely to suffer substantial and irreparable injury if an injunction is not issued. [ROP 32.9:14.]

17. This Court finds that in terms of public policy, the Quo Warranto action is the established method to ensure due process is afforded and all rights are protected before an elected official is removed from office; therefore, public policy favors the grant of the preliminary injunction on that basis. [ROP 32:15-20.]

## ORDER

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Preliminary Injunction is hereby GRANTED,

2. Defendant Clark County and its governing body, the Board of County Commissioners, and its agents and employees are enjoined and restrained from proceeding during the pendency of this action in voting on or declaring the forfeiture of Robert Eliason of the Office of Constable of North Las Vegas Township;

3. Defendant Clark County and its governing body, the Board of County Commissioners, and its agents and employees are enjoined and restrained from proceeding during the pendency of this action in filling any vacancy in the Office of Constable of North Las Vegas Township, unless such vacancy is declared pursuant to a Nevada court in a writ quo warranto;

4. Plaintiff's bond posted pursuant to NRCP 65(c) with this Court in the amount of $1,000.00 on July 17, 2017, shall remain on file with this Court.

DATED this _16_ th day of _August_ 2017.

_____
DISTRICT COURT JUDGE     ADQ

Prepared and submitted by
ASHCRAFT & BARR | LLP

JEFFREY F. BARR, ESQ
Nevada Bar No. 7269
barrj@AshcraftBarr.com
ASHCRAFT & BARR | LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 631.7555
Facsimile: (702) 631.7556

KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
kevans@efstriallaw.com
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
cfears@efstriallaw.com
EVANS FEARS & SCHUTTERT L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Attorneys for Plaintiff

Page 4 of 4

# EXHIBIT D
Opinion No. 2017-14 (2/5/18)



ADAM PAUL LAXALT
*Attorney General*

STATE OF NEVADA
OFFICE OF THE ATTORNEY
GENERAL

100 North Carson Street
Carson City, Nevada 89701

J. BRIN GIBSON
*First Assistant Attorney General*

NICHOLAS A. TRUTANICH
*Chief of Staff*

KETAN D. BHIRUD
*General Counsel*

February 5, 2018

OPINION NO. 2017-14

OFFICE OF THE GOVERNOR;
FORFEITURE OF OFFICE;
COUNTY OFFICIAL - CONSTABLE:
*Quo warranto* is not the exclusive
remedy to challenge the authority of a
county official to hold office. Because a
constable is not a state officer, his
right to hold a public office, after
having failed to satisfy the
requirements of NRS 258.007, may
also be challenged pursuant to
NRS 283.440.

The Honorable Brian Sandoval
Governor, State of Nevada
State Capitol Building
101 N. Carson Street
Carson City, NV 89701

Dear Governor Sandoval:

By letter dated September 29, 2017, you have requested an opinion from
the Office of the Attorney General, under NRS 228.150, on one question:

QUESTION

What legal mechanisms exist by which a county may remove a constable
or other official who has failed to fulfill the statutory requirements of office?

BACKGROUND

A constable in a township whose population is 100,000 or more, when
located in a county whose population is 700,000 or more, must be certified as a

The Honorable Brian Sandoval
Office of the Governor
Page 2
February 5, 2018

category II peace officer within one year after the date on which the constable commenced his or her term of office or appointment, unless the Peace Officers' Standards and Training Commission (POST), for good cause shown, grants an extension of time not to exceed 6 months. When the constable of such a township fails to become POST certified, the board of county commissioners may declare a forfeiture of the office. NRS 258.007, 289.550. Your question concerns the legal process by which a county must formalize or adjudicate the forfeiture of office. In this case, a district court has concluded that the constable may not be removed from office except by way of a *quo warranto* action filed at the request of the Governor and prosecuted by the Attorney General pursuant to NRS 35.030. The county in question has now requested the Governor to direct that the Attorney General file a *quo warranto* action to remove the constable from office.

## SUMMARY CONCLUSION

*Quo warranto* is not the exclusive remedy to challenge the authority of a county official to hold office. Because a constable is not a state officer, his right to hold a public office, after having failed to satisfy the requirements of NRS 258.007, may also be challenged pursuant to NRS 283.440.

## ANALYSIS

An action in *quo warranto* is an action directed against a person who usurps or unlawfully holds a public office, or against a public officer who does or suffers an act which, by the provisions of law, works a forfeiture of the office. NRS 35.010. *Quo warranto* proceedings originated at common law, but the right to commence an action in *quo warranto* has since been codified at NRS Chapter 35. As codified, *quo warranto* is used at the prerogative of the government with few exceptions.[1]

---

[1] The Attorney General is one of several persons who are expressly authorized to bring an action in *quo warranto*. Other persons who may bring an action are those who claim a right to hold, maintain, or assume a given public office when that right is disputed or contested. *See State ex. rel. McMillan v. Sadler*, 25 Nev. 131, 58 P. 284 (1899). Here, our office has been informed that the constable has already filed an action that seeks to adjudicate whether the forfeiture statute is valid and enforceable. Although it is not styled in the nature of an action in *quo warranto*, it will effectively resolve any dispute concerning the constable's authority to continue to hold

The Honorable Brian Sandoval
Office of the Governor
Page 3
February 5, 2018

It has been argued that *quo warranto* is the exclusive means of challenging a county officer's right to hold office. Although cited as authority for this proposition, *Heller v. Legislature*, 120 Nev. 456, 93 P.3d 746 (2004), is not on point. *Heller* stands for the simple proposition that the separation of powers doctrine bars the exercise of *quo warranto* powers as a means to remove a legislator from his or her position in the legislature. *Id.* at 463-64, 93 P.3d at 751. In *Heller*, the Secretary of State had filed a petition for writ of mandamus, and, in dicta, the Court said the proper vehicle to challenge a legislator's title to public office is a writ of *quo warranto*. However, the Court did not hold that an action in *quo warranto* is the *exclusive* means by which to challenge a person's right to hold public office.

In fact, the Legislature has provided additional means to challenge the authority of an individual to hold public office. In 1909, the Legislature passed "an act providing for the removal from office of public officers for malfeasance or nonfeasance in office," now codified at NRS 283.440.[2] The statute provides in pertinent part that "[any] person who holds any office in this State and who refuses or neglects to perform any official act in the matter and form prescribed by law, may be removed pursuant to this section." Although the statute does not apply to judges, impeachable state officers, or state legislators, any person may make a certified complaint against a constable who has refused or neglected to perform his official duties as prescribed by law. Upon receipt of such a complaint the court will issue an order to show cause to consider the charges of the complaint. NRS 283.440(2).

Both NRS Chapter 35, which addresses actions in *quo warranto*, and NRS 283.440 provide methods to enforce a right that existed in the common law, namely the right of the public to ensure that public officers are qualified and fulfilling their duties under the law. A statute creating a method of enforcing a right which existed before the statute's enactment is regarded as cumulative rather than exclusive of preexisting remedies. *Ewing v. Fahey*, 86

---

the office. An action in *quo warranto* would tend to duplicate the purpose of the litigation that is currently underway.

[2] The Legislature adopted this statute to give effect to Article 7 of the Nevada Constitution, to make additional provision "for the removal from Office of any Civil Officer other than those [who are subject to impeachment]." The Governor and "other state and judicial officers" are subject to impeachment. Nev. Const., Art. 7, § 2.

The Honorable Brian Sandoval
Office of the Governor
Page 4
February 5, 2018

Nev. 604, 607, 472 P.2d 347, 349-50 (1970). Furthermore, there is no language in current statutes that suggests a legislative intent to abrogate common law remedies or replace them with mutually exclusive statutory remedies, *Orr Ditch & Water Co. v. Justice Court of Reno Tp., Washoe County*, 64 Nev. 138, 164, 178 P.2d 558, 571 (1947), so these remedies should be considered cumulative.

The question here concerns the removal of a constable for failing to fulfill a statutory duty, that is, becoming POST certified within the time required by statute or the reasonable extension of time. A constable's failure to become POST certified within the time required by statute is reasonably defined as "nonfeasance" or the "total neglect" of a duty necessary for the position. *See Schumacher v. State ex rel. Furlong*, 78 Nev. 167, 171, 370 P.2d 209, 211 (1962), *citing Moulton v. Scully*, 111 Me. 428, 434, 89 A. 944, 947 (1914). Nonfeasance, as such, is a basis for removal pursuant to NRS 283.440. *Id.*

It does not change the analysis that a constable's failure to become POST certified results in a "forfeiture" of the office of constable. *See* NRS 258.007(2) (stating that "the constable forfeits his or her office and a vacancy is created which must be filled in accordance with NRS 258.030"). Whether there has been a forfeiture of office is a question of fact that must be adjudicated by a court of competent jurisdiction. The commencement of a civil action would ordinarily, but not necessarily, lead to a finding by the court that the office is vacant and available for appointment. The civil action may be commenced as an action in *quo warranto*, pursuant to NRS 35.010, or as an action alleging nonfeasance in violation of NRS 283.440, as made applicable by operation of NRS 258.007.

Sincerely,

ADAM PAUL LAXALT
Attorney General

By: _____

Melissa L. Flatley
Deputy Attorney General
Bureau of Business and State Services
Business and Taxation

MLF/kh

# Exhibit D

1
ADAM PAUL LAXALT
Attorney General
2
MICHAEL D. JENSEN
Nevada Bar No. 4642
3
Senior Deputy Attorney General
555 Wright Way
4
Carson City, Nevada 89711
Telephone: (775) 684-4603
5
Fax: (775) 684-4601
MJensen@ag.nv.gov
6
*Attorneys for Defendant NEVADA COMMISSION ON
PEACE OFFICERS' STANDARDS & TRAINING*

7

8                     **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10   ROBERT ELIASON, an individual and in his          )          Case No. 2:17-cv-03017-JAD-CWH
     official capacity as Constable of North Las       )
11   Vegas Township,                                   )
                                                        )
12                     Plaintiff,                       )     **RESPONSE TO PLAINTIFF'S MOTION FOR**
                                                        )          **DECLARATORY JUDGMENT**
13   vs.                                                )
                                                        )
14   CLARK COUNTY, a political subdivision of          )
     the State of Nevada; STATE OF NEVADA ex           )
15   rel. NEVADA COMMISSION ON PEACE                   )
     OFFICER STANDARDS & TRAINING,                     )
16                                                      )
                       Defendants.                      )
17   _____)

18          Comes Now Defendant, STATE OF NEVADA ex rel. its NEVADA COMMISSION ON

19   PEACE OFFICERS' STANDARDS AND TRAINING (POST Commission), by and through its

20   counsel, ADAM PAUL LAXALT, Attorney General for the State of Nevada, and MICHAEL D.

21   JENSEN, Senior Deputy Attorney General and hereby files its Response to Plaintiff's Motion for

22   Declaratory Judgment [Doc. #41]. The Commission's Response is based on the attached Memorandum

23   of Points and Authorities, all relevant papers and pleading on file herein, and all relevant rules of law.

24                     **MEMORANDUM OF POINTS AND AUTHORITIES**

25   **I.      INTRODUCTION**

26          The Plaintiff, ROBERT ELIASON, filed a First Amended Verified Complaint (Amended

27   Complaint) in Eighth Judicial District Court, Clark County, Nevada on November 12, 2017.  In his

28   Amended Complaint, the Plaintiff alleges that he has a "documented neurological condition that

1   prevents him from meeting one part of the physical fitness test for certification."  Amended Complaint,

2   page 2, lns. 1-3. The Plaintiff alleges that he has diligently pursued P.O.S.T. certification but he has not

3   been able to meet one part of the physical fitness test for P.O.S.T. certification.  With regard to the

4   purpose of the lawsuit, the Plaintiff alleges:

5             This action is necessary because Defendant Clark County erroneously
6             believes it holds the power to "declare that Robert L. Eliason, the elected
          North Las Vegas Constable, has forfeited his office."  Clark County holds
7             no such jurisdiction.  Indeed, under well-established law, only the courts,
          and the courts alone, have the power to declare that an elected official has
8             "forfeited" his office in a proceeding called a "writ quo warranto," in a
          civil action brought by the Attorney General of the State of Nevada.  The
9             action is necessary to restrain Clark County's excess of jurisdiction."
          Amended Complaint, p. 2, lns. 4-11. The Plaintiff also alleges the action is
10            necessary because the law in question, NRS 258.007, violates both the
          Nevada Constitution and the Americans with Disabilities Act.

11  *Id.* at lns. 12-13.

12  NRS 258.007 reads as follows:

13            1.      Each constable in a township whose population is 100,000 or more
          which is located in a county whose population is 700,000 or more, and
14            each constable of a township whose population is 250,000 or more and
          which is located in a county whose population is less than 700,000, shall
15            become certified by the Peace Officers' Standards and Training
          Commission as a category II peace officer within one year after the date
16            on which the constable commences his or her term of office or
          appointment unless the Commission, for good cause shown, grants an
17            extension of time, which must not exceed 6 months.
          2.      If a constable does not comply with the provisions of subsection 1,
18            the constable forfeits his or her office and a vacancy is created which must
          be filled in accordance with NRS 258.030.

19  NRS 258.030 reads as follows:
20
21            Except for those townships that the boards of county commissioners have
          determined to require an office of constable, if any vacancy exists or
22            occurs in the office of constable in any township, the board of county
          commissioners shall appoint a person to fill the vacancy pursuant to NRS
23            245.170.

24        In the "Parties and Jurisdiction" section of Plaintiff's Amended Complaint, he states that he was

25  elected in November 2014 and entered office as North Las Vegas Constable on January 2, 2015.

26  Amended Complaint, p. 2, lns. 19-20. The POST Commission, at its meeting in November 2015,

27  granted the Plaintiff a six-month extension of time to obtain POST certification up to July 2016.

28  The Plaintiff did not receive POST certification by July 2016. The Plaintiff alleges that on July 5, 2017,

1

2   "the Clark County Board of Commissioners met to consider Sherlock's unsolicited recommended

3   course of action to declare Constable Eliason had forfeited his office."   The agenda item for the Board's

4   meeting is alleged to provide as follows: "the Board of County Commissioner [to] declare that Robert

5   L. Eliason, the elected North Las Vegas Constable, has forfeited his office…"   Amended Complaint,

6   p. 5, lns. 6-12.  At Constable Eliason's request, the Clark County Board of Commissioners continued its

    consideration of the forfeiture of office for two weeks.

7        The Plaintiff's Amended Complaint contains five claims for relief: (1) First Claim for Relief -

8   Declaratory Relief – Clark County and POST, pursuant to NRS 30.010 et seq. seeking a declaration that

9   NRS 258.007 confers no authority on Clark County to declare a forfeiture of the office of the North Las

10  Vegas Township Constable, that the courts are the exclusive province of declaring whether an elected

11  official has forfeited his office by way of a "writ quo warranto," under NRS 35.010 et seq., and that

12  only the Attorney General, when directed by the Governor, may bring such an action.  Additionally,

13  under this Claim for Relief, the Plaintiff alleges NRS 258.007 violates the Nevada Constitution and the

14  American with Disabilities Act and that the POST Commission is the entity charged with enforcing

15  NRS 258.007; (2) Second Claim for Relief - Injunctive Relief, or in the alternative, a Writ of

16  Prohibition – pursuant to NRS 34.320 et seq., seeking a writ of prohibition enjoining Clark County

17  from "usurping the jurisdiction to adjudicate whether Constable Eliason has forfeited his office;"

18  (3) Third Claim for Relief – Title II of the Americans with Disabilities Act, State and Local

19  Governments - seeking to enjoin the POST Commission from enforcing NRS 258.007 and declaring the

20  law invalid; (4) Fourth Claim for Relief – Article IV, Section 20 of Nevada Constitution, Certain Local

21  and Special Laws Prohibited seeking a declaration that NRS 258.007 is a local or special law relating to

22  the duties of the constable, and a declaration that the law is unconstitutional as it violates Article IV,

23  Section 20 of the Nevada Constitution as a local or special law; and (5) Fifth Claim for Relief – Article

24  IV Section 25 of the Nevada Constitution – Uniform County and Township Government – seeking a

25  declaration that NRS 258.007 should be declared unconstitutional because it violates Article IV,

26  Section 25 of the Nevada Constitution because it does not impose the same requirements on all offices

27  of constable within the state.  Amended Complaint, p. 5-9.

28  / / /

In the State District Court, the Plaintiff sought and obtained an Order Granting Preliminary Injunction through which the Court enjoins and restrains Clark County and its governing body, the Board of County Commissioners, from proceeding during the pendency of this action in voting or declaring the forfeiture of Robert Eliason from the Office of Constable for the North Las Vegas Township, enjoins Clark County and its governing body, the Board of County Commissioners, and its agents and employees from proceeding during the pendency of the action in filling any vacancy in the Office of the Constable of North Las Vegas Township, unless such vacancy is declared pursuant to a Nevada court in a *writ quo warranto*.  The Order Granting Preliminary Injunction was issued on August 16, 2017.

On December 8, 2017, Clark County filed a Notice of Removal of Civil Action to the United States District Court for the District of Nevada.  The removal to Federal District Court is supported by the single Federal law claim alleging NRS 458.007, by its own terms, violates Title II of the Americans with Disabilities Act.  The parties are currently engaged in discovery, which ends on November 5, 2018.  [Doc. #37].

On August 17, 2018, the Plaintiff filed his Motion for Declaratory Judgment, pursuant to 28 U.S.C. § 2201(a), through which he seeks a judgment from this Court declaring (1) only the Nevada State Courts may declare a forfeiture of an elected official's office; (2) Clark County possesses no unilateral authority, under Nevada law, to declare Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that the vacancy for such office exists; and (3) the agenda item, on the July 18, 2017 Clark County Commission meeting agenda, through which the Commission seeks to declare that the Plaintiff has forfeited his office and that a vacancy in such office exists is illegal under Nevada law.

The POST Commission files this response for the sole purpose of requesting the Court abstain from issuing a Federal Declaratory Judgment on these purely state law questions, and requests the Court certify these Nevada statutory and Nevada Constitutional questions to the Nevada Supreme Court.

/ / /

/ / /

-4-

## II.     ARGUMENT

### A.     Pursuant to *Pullman*, the Court Should Abstain From Issuing a Federal Declaratory Judgment in These Purely State Law Matters.

In *R.R. Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643 (1941), the United States Supreme Court held that federal courts should abstain from exercising jurisdiction in a matter when an unsettled area of state law has an effect on the outcome of a federal constitutional claim or would render a decision on the federal claim unnecessary.  *See also*, *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1104-1105 (9th Cir. 1998).  The equitable considerations of *Pullman* abstention are typically applied when an unsettled state law question is best decided by or is already pending in state court.  *See*, *Harris City Commissioner's Court v. Moore*, 420 U.S. 77, 83-84, 95 S.Ct. 870 (1975).  In the face of novel questions of state law, many federal courts rely on state certification procedures, which avoid the significant financial and time burdens associated with *Pullman* abstention. *Jones v. Coleman*, 848 F.3d 744, 750 (6th Cir. 2017).

Plaintiff's request for a declaratory judgment involves unsettled questions of state law.  While the State District Court entered a preliminary injunction, the Court's finding, for purposes of the preliminary injunction, was only that Plaintiff had a substantial likelihood of success on these state law matters. Significantly, the Nevada Supreme Court has not interpreted NRS 458.007.  The plain language of the statute provides for the forfeiture of office if a constable fails to become certified by the POST Commission within one year of taking office, or within any extension granted by the POST Commission not to exceed 6 months.

The Nevada Office of the Attorney General has opined on a related question.  *See* Nevada Attorney General Opinion 2017-14.  By letter dated September 29, 2017, the Governor requested an opinion from the Office of the Attorney General on the following question:  "What legal mechanisms exist by which a county may remove a constable or other official who has failed to fulfill the statutory requirements of office?" The section of the Opinion entitled "Summary of Conclusion" reads: "*Quo warranto* is not the exclusive remedy to challenge the authority of a county official to hold office. Because a constable is not a state office, his right to hold a public office, after failing to satisfy the

1    requirements of NRS 258.007, may also be challenged pursuant to NRS 283.440." *Id.* at p. 2. In the

2    concluding two paragraphs of the Opinion, the Nevada Office of the Attorney General opines:

3           The question here concerns the removal of a constable for failing to fulfill
            a statutory duty, that is, becoming POST certified within the time required
4           by statute or the reasonable extension of time.  A constable's failure to
            become POST certified within the time required by statute is reasonably
5           defined as "nonfeasance" or the "total neglect" of a duty necessary for the
            position.  *See, Schmacher v. State ex rel. Furlong*, 78 Nev. 167, 171, 370
6           P.2d 209, 211 (1962), citing *Moulton v. Scully*, 111 Me. 428, 89 A. 944,
            947 (1914).  Nonfeasance, as such, is a basis for removal pursuant to
7           NRS 283.440. *Id.*

8           It does not change the analysis that a constable's failure to become POST
            certified results in the "forfeiture" of the office of constable.  See
9           NRS 258.007(2) (stating that "the constable forfeits his or her office and a
            vacancy is created which must be filled in accordance with
10          NRS 250.030"). Whether there has been a forfeiture of office is a question
            of fact that must be adjudicated by a court of competent jurisdiction.  The
11          commencement of a civil action would ordinarily, but not necessarily, lead
            to a finding by the court that the office is vacant and available for
12          appointment. The civil action may be commenced as an action in *quo
            warranto*, pursuant to NRS 35.010, or as an action alleging nonfeasance in
13          violation of NRS 283.440, as made applicable by operation of NRS
            258.007.
14   Id. at p. 4.

15          The Attorney General Opinion is not binding legal authority on this issue. *Cannon v. Taylor*, 88

16   Nev. 89, 91, 493 P.2d 1313, 1314 (1972).  Additionally, the legal analysis in this opinion underscores

17   the point that the legal issues related to the legal mechanisms to remove an elected constable from

18   office, who fails to meet the statutory mandate set out in NRS 458.007, is far from settled law in

19   Nevada.  Per the Amended Complaint, the Plaintiff is seeking a declaration, pursuant to the state

20   declaratory relief statutes, that the Clark County Commission does not have the authority to unilaterally

21   declare he has forfeited his office for failure to meet the statutory POST certification mandate and it

22   does not have authority to fill a vacancy in the office without a court declaration that he has forfeited

23   his office.  Per the Preliminary Injunction, the Plaintiff is protected from any action by the Clark

24   County Commission to declare he has forfeited his office and filling his office during the pendency of

25   this action.  Additionally, the primary state law declarations the Plaintiff is seeking through this action

26   are novel and unsettled.  Through his Amended Complaint, Plaintiff is primarily seeking declarations,

27   pursuant to the Nevada declaratory relief statutes (NRS Chapter 30), that NRS 258.007 is

28

-6-

unconstitutional under two provisions of the Nevada State Constitution (Article IV, Section 20 and Article IV Section 25).

In determining whether to abstain under the *Pullman* abstention doctrine, the Ninth Circuit follows a three part test: (1) the complaint touches a sensitive area of social policy upon which federal courts ought not to enter unless no alternative to its adjudication is open; (2) such constitutional adjudication plainly can be avoided if a definitive ruling on the state law issue would terminate the controversy; (3) the possibly determinative issue of state law is doubtful. *Canton v. Spokane Sch. Dist. # 81*, 498 F.2d 840, 845 (9th Cir. 1974), *overruled on other grounds* as recognized by *Heath v. Cleary*, 708 F.2d 1376, 1378 n.2 (9th Cir. 1983).

The first prong of the test is met. The process through which an elected constable "forfeits" his or her office and the constitutionality of a statute enacted by the Nevada Legislature related to the forfeiture of office of an elected constable touch upon sensitive areas of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication exists. *See*, *People ex rel. Lockyer v. County of Santa Cruz*, 416 F.Supp.2d 797 (N.D. Cal. 2006) (The Federal court declined to exercise supplemental jurisdiction over a Californian Elections Code Cause of Action. "The cause of action qualifies as an exceptional circumstance under 28 U.S.C. § 1367(c)(4). The case is essentially an internal dispute between two segments of the California state government, the Attorney General and the County of Santa Cruz. Although economy and convenience favor having Lockyer's two causes of action heard before the same court, comity overwhelmingly favors allowing California to handle its internal disputes in its own court system. Remand of the Elections Code § 12280 cause of action is appropriate here."). The second prong of the test is met. The declarations sought by the Plaintiff relate purely to the interpretation of State law and the State Constitution. There is no U.S. Constitutional adjudication to avoid. Additionally, a state court ruling that NRS 458.007 violates the Nevada Constitution would moot the Plaintiff's Title II ADA claim. The state court proceeding need not fully moot the federal issues; changing or narrowing the issues is enough. *Sinclair Oil Corp. v. City of Santa Barbara*, 96 F.3d 401, 409 (9th Cir 1996) ("[I]t is sufficient if the state law issues might narrow the federal constitutional question."). Finally, the state law on the matters for which the Plaintiff seeks declarations from this Court are novel and unsettled. An issue of state law is doubtful if a federal court

cannot predict with any confidence how the state's highest court would decide the issue of state law. *Pearl Inv. Co. v. City and County of San Francisco*, 774 F.2d 1460, 1464, 1465 (9th Cir. 1995). "Resolution of an issue of state law might be uncertain because the particular [state] statute is ambiguous, or because the precedents conflict, or because the question is novel and of sufficient importance that it ought to be addressed first by a state court." *Id.* The POST Commission could not find any case law through which the Nevada Supreme Court has interpreted the proper application of NRS 258.007. Finally, abstention on these state constitutional and statutory issues would substantially further important principles of federalism and comity underlying *Pullman* and it progeny.

**B.** **The POST Commission Requests the Court Certify the State Law Questions to the Nevada Supreme Court.**

While *Pullman* abstention on the state statutory and constitutional questions is warranted, the state law questions can be properly certified to the Nevada Supreme Court. Nevada Rule of Appellate Procedure 5 reads in relevant part as follows:

> (a)    Power to Answer.  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions the law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decision of the Supreme Court or Court of Appeals of this state.
> (b)    Method of Invoking.  The Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> (c)    Contents of Certification Order.   A certification order shall set forth:
> (1) The question of law to be answered;
> (2) A statement of all facts relevant to the question certified;
> (3) The nature of the controversy in which the question arose;
> (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
> (5) The names and addresses of counsel for the appellant and respondent; and
> (6) Any other matters the certifying court deems relevant to a determination of the questions certified.
> (d)    Preparation of Certification Order.  The certification order shall be prepared by the certifying court, signed by the judge presiding at the hearing, and forwarded to the Supreme Court by the clerk of the certifying court under its seal.  The Supreme Court may require the original or copies of all or of any portion of the record before the certifying court to be filed

with the certification order, if, in the opinion of the Supreme Court, the record or a portion thereof may be necessary in answering the questions.

(e)     Costs of Certification.  Fees and costs shall be the same as civil appeals docketed before the Supreme Court and shall be equally divided between the parties unless otherwise ordered by the certifying court in its order of certification.

…

(h)  Opinion.  The written opinion of the Supreme Court stating the law governing the questions certified shall be sent by the clerk under the seal of the Supreme Court to the certifying court and to the parties and shall be res judicata as to the parties.

The State statutory and constitutional law questions raised by the Plaintiff meet the requirements of the Nevada Supreme Court Certification Rule. As discussed more fully above, the questions are determinative of the primary relief sought by the Plaintiff and there is no controlling precedent from the Nevada Supreme Court on the application and constitutionality of NRS 258.007.   Certification of these purely state law questions related to the application and constitutionality of NRS 258.007 is appropriate in this case.

Pursuant to *Pullman* abstention, the POST Commission respectfully requests that the Court abstain from issuing a Federal Declaratory Judgment on these novel, important and unsettled matters of State law.   The POST Commission also requests the Court to certify these state statutory and constitutional questions to the Nevada Supreme Court.

DATED this 31st day of August, 2018.

ADAM PAUL LAXALT
Attorney General

By:   /s/ Michael D. Jensen
      MICHAEL D. JENSEN
      Senior Deputy Attorney General
      *Attorneys for Defendant NEVADA COMMISSION*
      *ON PEACE OFFICER STANDARDS & TRAINING*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on August 31, 2018, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically. For those parties not registered, service was made by depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada to the following:

Kelly A. Evans, Esq.
Chad R. Fears, Esq.
Evans Fears & Schuttert L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas NV 89102
*Attorneys for Plaintiff*

Jeffrey F. Barr, Esq.
Ashcraft & Barr LLP
2300 West Sahara Avenue, Suite 900
Las Vegas NV 89102
*Attorneys for Plaintiff*

Thomas D. Dillard, Jr., Esq.
Olson, Cannon, Gormley, Angulo &Stoberski
9950 W. Cheyenne Ave.
Las Vegas, NV 89129
*Attorneys for Clark County*

/s/ Barbara D. Cozens
Barbara D. Cozens

**Exhibit E**

1  ADAM PAUL LAXALT
   Attorney General
2  MICHAEL D. JENSEN
   Nevada Bar No. 4642
3  Senior Deputy Attorney General
   555 Wright Way
4  Carson City, Nevada 89711
   Telephone: (775) 684-4603
5  Fax: (775) 684-4601
   MJensen@ag.nv.gov
6  *Attorneys for Defendant NEVADA COMMISSION ON
   PEACE OFFICERS' STANDARDS & TRAINING*

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10 ROBERT ELIASON, an individual and in his      )    Case No. 2:17-cv-03017-JAD-CWH
   official capacity as Constable of North Las   )
11 Vegas Township,                               )
                                                 )
12           Plaintiff,                          )      **RESPONSE TO DEFENDANT CLARK**
                                                 )      **COUNTY'S COUNTER MOTION FOR**
13 vs.                                           )   **RECONSIDERATION OF THE ORDER**
                                                 )        **GRANTING PLAINTIFF A**
14 CLARK COUNTY, a political subdivision of      )       **PRELIMINARY INJUNCTION**
   the State of Nevada; STATE OF NEVADA ex       )
15 rel. NEVADA COMMISSION ON PEACE               )
   OFFICER STANDARDS & TRAINING,                 )
16                                               )
             Defendants.                         )
17 _____ )

18         Comes Now Defendant, STATE OF NEVADA ex rel. its NEVADA COMMISSION ON

19 PEACE OFFICERS' STANDARDS AND TRAINING (POST Commission), by and through its

20 counsel, ADAM PAUL LAXALT, Attorney General for the State of Nevada, and MICHAEL D.

21 JENSEN, Senior Deputy Attorney General and hereby files its Response to Defendant Clark County's

22 Counter Motion for Reconsideration of the Order Granting Plaintiff a Preliminary Injunction [DOC 43].

23 The Commission's Response is based on the attached Memorandum of Points and Authorities, all

24 relevant papers and pleading on file herein, and all relevant rules of law.

25                    **MEMORANDUM OF POINTS AND AUTHORITIES**

26 **I.     INTRODUCTION**

27         The Plaintiff, ROBERT ELIASON, filed a First Amended Verified Complaint (Amended

28 Complaint) in Eighth Judicial District Court, Clark County, Nevada on November 12, 2017.  In his

                                        -1-

1    Amended Complaint, the Plaintiff alleges that he has a "documented neurological condition that

2    prevents him from meeting one part of the physical fitness test for certification." Amended Complaint,

3    page 2, lns. 1-3. The Plaintiff alleges that he has diligently pursued P.O.S.T. certification but he has not

4    been able to meet one part of the physical fitness test for P.O.S.T. certification.  With regard to the

5    purpose of the lawsuit, the Plaintiff alleges:

6              This action is necessary because Defendant Clark County erroneously
               believes it holds the power to "declare that Robert L. Eliason, the elected
7              North Las Vegas Constable, has forfeited his office." Clark County holds
               no such jurisdiction.  Indeed, under well-established law, only the courts,
8              and the courts alone, have the power to declare that an elected official has
               "forfeited" his office in a proceeding called a "writ quo warranto," in a
9              civil action brought by the Attorney General of the State of Nevada.  The
               action is necessary to restrain Clark County's excess of jurisdiction."
10             Amended Complaint, p. 2, lns. 4-11. The Plaintiff also alleges the action is
               necessary because the law in question, NRS 258.007, violates both the
11             Nevada Constitution and the Americans with Disabilities Act.

12    *Id.* at lns. 12-13.

13    NRS 258.007 reads as follows:

14             1.      Each constable in a township whose population is 100,000 or more
               which is located in a county whose population is 700,000 or more, and
15             each constable of a township whose population is 250,000 or more and
               which is located in a county whose population is less than 700,000, shall
16             become certified by the Peace Officers' Standards and Training
               Commission as a category II peace officer within one year after the date
17             on which the constable commences his or her term of office or
               appointment unless the Commission, for good cause shown, grants an
18             extension of time, which must not exceed 6 months.
               2.      If a constable does not comply with the provisions of subsection 1,
19             the constable forfeits his or her office and a vacancy is created which must
               be filled in accordance with NRS 258.030.
20
21    NRS 258.030 reads as follows:

22             Except for those townships that the boards of county commissioners have
               determined to require an office of constable, if any vacancy exists or
23             occurs in the office of constable in any township, the board of county
               commissioners shall appoint a person to fill the vacancy pursuant to NRS
24             245.170.

25             In the "Parties and Jurisdiction" section of Plaintiff's Amended Complaint, he states that he was

26    elected in November 2014 and entered office as North Las Vegas Constable on January 2, 2015.

27    Amended Complaint, p. 2, lns. 19-20. The POST Commission, at its meeting in November 2015,

28    granted the Plaintiff a six-month extension of time to obtain POST certification up to July 2016.

-2-

The Plaintiff did not receive POST certification by July 2016. The Plaintiff alleges that on July 5, 2017, "the Clark County Board of Commissioners met to consider Sherlock's unsolicited recommended course of action to declare Constable Eliason had forfeited his office."  The agenda item for the Board's meeting is alleged to provide as follows: "the Board of County Commissioner [to] declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office…"  Amended Complaint, p. 5, lns. 6-12.  At Constable Eliason's request, the Clark County Board of Commissioners continued its consideration of the forfeiture of office for two weeks.

The Plaintiff's Amended Complaint contains five claims for relief: (1) First Claim for Relief - Declaratory Relief – Clark County and POST, pursuant to NRS 30.010 et seq. seeking a declaration that NRS 258.007 confers no authority on Clark County to declare a forfeiture of the office of the North Las Vegas Township Constable, that the courts are the exclusive province of declaring whether an elected official has forfeited his office by way of a "writ quo warranto," under NRS 35.010 et seq., and that only the Attorney General, when directed by the Governor, may bring such an action.  Additionally, under this Claim for Relief, the Plaintiff alleges NRS 258.007 violates the Nevada Constitution and the American with Disabilities Act and that the POST Commission is the entity charged with enforcing NRS 258.007; (2) Second Claim for Relief - Injunctive Relief, or in the alternative, a Writ of Prohibition – pursuant to NRS 34.320 et seq., seeking a writ of prohibition enjoining Clark County from "usurping the jurisdiction to adjudicate whether Constable Eliason has forfeited his office;" (3) Third Claim for Relief – Title II of the Americans with Disabilities Act, State and Local Governments - seeking to enjoin the POST Commission from enforcing NRS 258.007 and declaring the law invalid; (4) Fourth Claim for Relief – Article IV, Section 20 of Nevada Constitution, Certain Local and Special Laws Prohibited seeking a declaration that NRS 258.007 is a local or special law relating to the duties of the constable, and a declaration that the law is unconstitutional as it violates Article IV, Section 20 of the Nevada Constitution as a local or special law; and (5) Fifth Claim for Relief – Article IV Section 25 of the Nevada Constitution – Uniform County and Township Government – seeking a declaration that NRS 258.007 should be declared unconstitutional because it violates Article IV, Section 25 of the Nevada Constitution because it does not impose the same requirements on all offices of constable within the state.  Amended Complaint, p. 5-9.

In the State District Court, the Plaintiff sought and obtained an Order Granting Preliminary Injunction through which the Court enjoins and restrains Clark County and its governing body, the Board of County Commissioners, from proceeding during the pendency of this action in voting or declaring the forfeiture of Robert Eliason from the Office of Constable for the North Las Vegas Township, enjoins Clark County and its governing body, the Board of County Commissioners, and its agents and employees from proceeding during the pendency of the action in filling any vacancy in the Office of the Constable of North Las Vegas Township, unless such vacancy is declared pursuant to a Nevada court in a *writ quo warranto*. The Order Granting Preliminary Injunction was issued on August 16, 2017.

On December 8, 2017, Clark County filed a Notice of Removal of Civil Action to the United States District Court for the District of Nevada. The removal to Federal District Court is supported by the single Federal law claim alleging NRS 458.007, by its own terms, violates Title II of the Americans with Disabilities Act. The parties are currently engaged in discovery, which ends on November 5, 2018. [Doc. #37].

On August 17, 2018, the Plaintiff filed his Motion for Declaratory Judgment, pursuant to 28 U.S.C. § 2201(a), through which he seeks a judgment from this Court declaring (1) only the Nevada State Courts may declare a forfeiture of an elected official's office; (2) Clark County possesses no unilateral authority, under Nevada law, to declare Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that the vacancy for such office exists; and (3) the agenda item, on the July 18, 2017 Clark County Commission meeting agenda, through which the Commission seeks to declare that the Plaintiff has forfeited his office and that a vacancy in such office exists is illegal under Nevada law.

The POST Commission files this response for the sole purpose of requesting the Court abstain from issuing a Federal Declaratory Judgment on these purely state law questions, and requests the Court certify these Nevada statutory and Nevada Constitutional questions to the Nevada Supreme Court.

/ / /

/ / /

-4-

II.     **ARGUMENT**

A.     **Pursuant to *Pullman*, the Court Should Abstain From Issuing a Federal Declaratory Judgment in These Purely State Law Matters.**

In *R.R. Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643 (1941), the United States Supreme Court held that federal courts should abstain from exercising jurisdiction in a matter when an unsettled area of state law has an effect on the outcome of a federal constitutional claim or would render a decision on the federal claim unnecessary.  *See also*, *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1104-1105 (9th Cir. 1998).  The equitable considerations of *Pullman* abstention are typically applied when an unsettled state law question is best decided by or is already pending in state court.  *See*, *Harris City Commissioner's Court v. Moore*, 420 U.S. 77, 83-84, 95 S.Ct. 870 (1975).  In the face of novel questions of state law, many federal courts rely on state certification procedures, which avoid the significant financial and time burdens associated with *Pullman* abstention. *Jones v. Coleman*, 848 F.3d 744, 750 (6th Cir. 2017).

Plaintiff's request for a declaratory judgment involves unsettled questions of state law.  While the State District Court entered a preliminary injunction, the Court's finding, for purposes of the preliminary injunction, was only that Plaintiff had a substantial likelihood of success on these state law matters. Significantly, the Nevada Supreme Court has not interpreted NRS 458.007.  The plain language of the statute provides for the forfeiture of office if a constable fails to become certified by the POST Commission within one year of taking office, or within any extension granted by the POST Commission not to exceed 6 months.

The Nevada Office of the Attorney General has opined on a related question.  *See* Nevada Attorney General Opinion 2017-14.  By letter dated September 29, 2017, the Governor requested an opinion from the Office of the Attorney General on the following question:  "What legal mechanisms exist by which a county may remove a constable or other official who has failed to fulfill the statutory requirements of office?" The section of the Opinion entitled "Summary of Conclusion" reads: "*Quo warranto* is not the exclusive remedy to challenge the authority of a county official to hold office. Because a constable is not a state office, his right to hold a public office, after failing to satisfy the

1    requirements of NRS 258.007, may also be challenged pursuant to NRS 283.440." *Id*. at p. 2. In the

2    concluding two paragraphs of the Opinion, the Nevada Office of the Attorney General opines:

3            The question here concerns the removal of a constable for failing to fulfill
             a statutory duty, that is, becoming POST certified within the time required
4            by statute or the reasonable extension of time.  A constable's failure to
             become POST certified within the time required by statute is reasonably
5            defined as "nonfeasance" or the "total neglect" of a duty necessary for the
             position.  *See, Schmacher v. State ex rel. Furlong*, 78 Nev. 167, 171, 370
6            P.2d 209, 211 (1962), citing *Moulton v. Scully*, 111 Me. 428, 89 A. 944,
             947 (1914).  Nonfeasance, as such, is a basis for removal pursuant to
7            NRS 283.440. *Id*.

8            It does not change the analysis that a constable's failure to become POST
             certified results in the "forfeiture" of the office of constable.  See
9            NRS 258.007(2) (stating that "the constable forfeits his or her office and a
             vacancy is created which must be filled in accordance with
10           NRS 250.030"). Whether there has been a forfeiture of office is a question
             of fact that must be adjudicated by a court of competent jurisdiction.  The
11           commencement of a civil action would ordinarily, but not necessarily, lead
             to a finding by the court that the office is vacant and available for
12           appointment. The civil action may be commenced as an action in *quo
             warranto*, pursuant to NRS 35.010, or as an action alleging nonfeasance in
13           violation of NRS 283.440, as made applicable by operation of NRS
             258.007.

14   Id. at p. 4.

15           The Attorney General Opinion is not binding legal authority on this issue.  *Cannon v. Taylor*, 88

16   Nev. 89, 91, 493 P.2d 1313, 1314 (1972).  Additionally, the legal analysis in this opinion underscores

17   the point that the legal issues related to the legal mechanisms to remove an elected constable from

18   office, who fails to meet the statutory mandate set out in NRS 458.007, is far from settled law in

19   Nevada.  Per the Amended Complaint, the Plaintiff is seeking a declaration, pursuant to the state

20   declaratory relief statutes, that the Clark County Commission does not have the authority to unilaterally

21   declare he has forfeited his office for failure to meet the statutory POST certification mandate and it

22   does not have authority to fill a vacancy in the office without a court declaration that he has forfeited

23   his office.  Per the Preliminary Injunction, the Plaintiff is protected from any action by the Clark

24   County Commission to declare he has forfeited his office and filling his office during the pendency of

25   this action.  Additionally, the primary state law declarations the Plaintiff is seeking through this action

26   are novel and unsettled.  Through his Amended Complaint, Plaintiff is primarily seeking declarations,

27   pursuant to the Nevada declaratory relief statutes (NRS Chapter 30), that NRS 258.007 is

28

unconstitutional under two provisions of the Nevada State Constitution (Article IV, Section 20 and Article IV Section 25).

In determining whether to abstain under the *Pullman* abstention doctrine, the Ninth Circuit follows a three part test: (1) the complaint touches a sensitive area of social policy upon which federal courts ought not to enter unless no alternative to its adjudication is open; (2) such constitutional adjudication plainly can be avoided if a definitive ruling on the state law issue would terminate the controversy; (3) the possibly determinative issue of state law is doubtful. *Canton v. Spokane Sch. Dist. # 81*, 498 F.2d 840, 845 (9th Cir. 1974), *overruled on other grounds* as recognized by *Heath v. Cleary*, 708 F.2d 1376, 1378 n.2 (9th Cir. 1983).

The first prong of the test is met. The process through which an elected constable "forfeits" his or her office and the constitutionality of a statute enacted by the Nevada Legislature related to the forfeiture of office of an elected constable touch upon sensitive areas of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication exists. *See*, *People ex rel. Lockyer v. County of Santa Cruz*, 416 F.Supp.2d 797 (N.D. Cal. 2006) (The Federal court declined to exercise supplemental jurisdiction over a Californian Elections Code Cause of Action. "The cause of action qualifies as an exceptional circumstance under 28 U.S.C. § 1367(c)(4). The case is essentially an internal dispute between two segments of the California state government, the Attorney General and the County of Santa Cruz. Although economy and convenience favor having Lockyer's two causes of action heard before the same court, comity overwhelmingly favors allowing California to handle its internal disputes in its own court system. Remand of the Elections Code § 12280 cause of action is appropriate here."). The second prong of the test is met. The declarations sought by the Plaintiff relate purely to the interpretation of State law and the State Constitution. There is no U.S. Constitutional adjudication to avoid. Additionally, a state court ruling that NRS 458.007 violates the Nevada Constitution would moot the Plaintiff's Title II ADA claim. The state court proceeding need not fully moot the federal issues; changing or narrowing the issues is enough. *Sinclair Oil Corp. v. City of Santa Barbara*, 96 F.3d 401, 409 (9th Cir 1996) ("[I]t is sufficient if the state law issues might narrow the federal constitutional question."). Finally, the state law on the matters for which the Plaintiff seeks declarations from this Court are novel and unsettled. An issue of state law is doubtful if a federal court

cannot predict with any confidence how the state's highest court would decide the issue of state law. *Pearl Inv. Co. v. City and County of San Francisco*, 774 F.2d 1460, 1464, 1465 (9th Cir. 1995). "Resolution of an issue of state law might be uncertain because the particular [state] statute is ambiguous, or because the precedents conflict, or because the question is novel and of sufficient importance that it ought to be addressed first by a state court." *Id.* The POST Commission could not find any case law through which the Nevada Supreme Court has interpreted the proper application of NRS 258.007. Finally, abstention on these state constitutional and statutory issues would substantially further important principles of federalism and comity underlying *Pullman* and it progeny.

**B.     The POST Commission Requests the Court Certify the State Law Questions to the Nevada Supreme Court.**

While *Pullman* abstention on the state statutory and constitutional questions is warranted, the state law questions can be properly certified to the Nevada Supreme Court. Nevada Rule of Appellate Procedure 5 reads in relevant part as follows:

> (a)     Power to Answer.  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions the law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decision of the Supreme Court or Court of Appeals of this state.
>
> (b)     Method of Invoking.  The Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
>
> (c)     Contents of Certification Order.  A certification order shall set forth:
>
> (1) The question of law to be answered;
> (2) A statement of all facts relevant to the question certified;
> (3) The nature of the controversy in which the question arose;
> (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
> (5) The names and addresses of counsel for the appellant and respondent; and
> (6) Any other matters the certifying court deems relevant to a determination of the questions certified.
>
> (d)     Preparation of Certification Order.  The certification order shall be prepared by the certifying court, signed by the judge presiding at the hearing, and forwarded to the Supreme Court by the clerk of the certifying court under its seal.  The Supreme Court may require the original or copies of all or of any portion of the record before the certifying court to be filed

1
2
3
4
5
6

with the certification order, if, in the opinion of the Supreme Court, the record or a portion thereof may be necessary in answering the questions.
(e)     Costs of Certification.  Fees and costs shall be the same as civil appeals docketed before the Supreme Court and shall be equally divided between the parties unless otherwise ordered by the certifying court in its order of certification.
…
(h)  Opinion.  The written opinion of the Supreme Court stating the law governing the questions certified shall be sent by the clerk under the seal of the Supreme Court to the certifying court and to the parties and shall be res judicata as to the parties.

7       The State statutory and constitutional law questions raised by the Plaintiff meet the requirements

8   of the Nevada Supreme Court Certification Rule. As discussed more fully above, the questions are

9   determinative of the primary relief sought by the Plaintiff and there is no controlling precedent from the

10  Nevada Supreme Court on the application and constitutionality of NRS 258.007.   Certification of these

11  purely state law questions related to the application and constitutionality of NRS 258.007 is appropriate

12  in this case.

13      Pursuant to *Pullman* abstention, the POST Commission respectfully requests that the Court

14  abstain from issuing a Federal Declaratory Judgment on these novel, important and unsettled matters of

15  State law.   The POST Commission also requests the Court to certify these state statutory and

16  constitutional questions to the Nevada Supreme Court.

17      DATED this 31st day of August, 2018.

18                                          ADAM PAUL LAXALT
19                                          Attorney General

20                                  By:___/s/ Michael D. Jensen_____
                                           MICHAEL D. JENSEN
21                                         Senior Deputy Attorney General
                                           *Attorneys for Defendant NEVADA COMMISSION*
22                                         *ON PEACE OFFICER STANDARDS & TRAINING*

23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on August 31, 2018, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically. For those parties not registered, service was made by depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada to the following:

Kelly A. Evans, Esq.
Chad R. Fears, Esq.
Evans Fears & Schuttert L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas NV 89102
*Attorneys for Plaintiff*

Jeffrey F. Barr, Esq.
Ashcraft & Barr LLP
2300 West Sahara Avenue, Suite 900
Las Vegas NV 89102
*Attorneys for Plaintiff*

Thomas D. Dillard, Jr., Esq.
Olson, Cannon, Gormley, Angulo &Stoberski
9950 W. Cheyenne Ave.
Las Vegas, NV 89129
*Attorneys for Clark County*

/s/ Barbara D. Cozens
Barbara D. Cozens

# Exhibit F

KELLY A. EVANS, ESQ.
Nevada Bar No. 7691
kevans@efstriallaw.com
CHAD R. FEARS, ESQ.
Nevada Bar No. 6970
cfears@efstriallaw.com
EVANS FEARS & SCHUTTERT L.L.P.
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 805.0290
Facsimile:  (702) 805.0291

JEFFREY F. BARR, ESQ
Nevada Bar No. 7269
barrj@AshcraftBarr.com
ASHCRAFT & BARR | LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone:  (702) 631.7555
Facsimile:  (702) 631.7556
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township,<br><br>                                        Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada; et al.,<br>                                        Defendants. | Case No.: **2:17-cv-03017-JAD-CWH**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT [ECF Nos. 41, 42 and 44]** |

Plaintiff ROBERT ELIASON, an individual and in his official capacity as Constable of North Las Vegas Township ("Constable Eliason") files this PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT [ECF Nos. 41, 42 and 44]. This Reply is made and based upon the attached points and authorities, the papers and pleadings on file herein, and any oral argument the Court may entertain at any hearing.

## I.      INTRODUCTION

The sole issue in the instant Motion for Declaratory Judgment is whether Clark County had the unilateral and arbitrary power to remove a sitting, duly-elected constable from office on July 18, 2017.  Nevada law confers no such judicial authority on a local board, and prior

ASHCRAFT & BARR |LLP
2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555          ASHCRAFTBARR.COM

to the removal of this action, the State Court agreed and enjoined Clark County from this very action.

Clark County argues that it has the plenary power to remove a duly-elected State officer from office without an order or input or even an iota of due process from a Nevada state court. The State Court in this case previously rejected Clark County's arguments.

Nothing in the Opposition changes Clark County's attempted illegal action to pass Agenda Item 67 on July 18, 2017 ("Item 67").  Significantly, nothing in its Opposition changes the Nevada State Court's legal conclusion that Clark County acted unlawfully by trying to remove Constable Eliason from office.

Instead, Clark County engages in misdirection by taking issue with the Nevada Court's legal conclusion that "A Quo Warranto action is the proper procedure for determining a forfeiture of office, including a forfeiture as a matter of law."[1]

Despite the County's misdirection, the sole issue in this Motion remains whether NRS 258.007 grants Clark County the sole and unfettered power to remove an elected and sitting State Constable.  Clark County manifestly does not possess this power.

Constable Eliason seeks to formalize the State Court's preliminary injunction into a permanent, declaratory judgment from this Court, declaring Clark County's actions as illegal. Constable Eliason requests that the Court declare the following:

(1)    Only the Nevada State courts may declare a forfeiture of an elected official's office;

---

[1] Notably, Clark County has done nothing since August 2017 to redress this alleged legal error:

- It failed to timely move the State Court to reconsider its order pursuant to Rule 2.24 of the Eighth Judicial District Court Rules.
- It failed to appeal this determination as was its right under Rule 3A(b)(3) of the Nevada Rules of Appellate Procedure.
- It failed to ask this Court to reconsider the propriety of the State Court injunction when it removed this case in November 2017.

ASHCRAFT & BARR | LLP

2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
ASHCRAFTBARR.COM
702.631.7555

(2)     Clark County possesses no unilateral authority under Nevada law to "declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists"; and

(3)     Agenda Item 67 on the July 18, 2017 County Commission Meeting, which seeks to "declare that that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists," is illegal under Nevada law.

## II.     UNDISPUTED FACTS and PROCEDURAL HISTORY

In August 2017, the Nevada State Court enjoined Clark County from taking any action to unilaterally declare that Constable Eliason had forfeited his office.

In November 2017, Clark County removed this action to this Court.

In August 2018, Constable Eliason filed the instant Motion for Declaratory Judgment, seeking to formalize the State Court's injunction.

## III.     LEGAL ANALYSIS:  DECLARATORY JUDGMENT IS STILL WARRANTED

Clark County has no legal authority to "declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office" or to "declare…that a vacancy in such office exists."  Nothing in its Opposition changes this conclusion.

No statute specifically grants Clark County the authority to declare a forfeiture of the constable's office.  Contrary to Clark County's assertion, no language in NRS 258.007 specifically authorizes Clark County to "declare" a forfeiture of any elected office.  If there is any fair or reasonable doubt concerning the existence of a county's authority, the court must resolve that doubt against the board of county commissioners, and Nevada law denies the county that power. *See* NRS 244.137(4).  *See also*, *First Nat'l Bank v. Nye County*, 145 P. 932, 936-37 (1914); *Lyon County v. Ross*, 50 P. 1, 3 (1897); and *Waitz v. Ormsby County*, 1 Nev. 370, 377 (1865).  *See generally*, B. Chally, *Dillon's Rule in Nevada*, 21 Nev. L. 6 (2013).

Here, NRS 258.007(2)'s silence creates doubt as to whether Clark County possesses the authority it claims.  Therefore, Nevada law denies Clark County that power.  The statute

Ashcraft & Barr | LLP

2300 West Sahara Avenue • Ste 900 • Las Vegas, NV 89102
702.631.7555
AshcraftBarr.com

makes no mention of a county commission whatsoever, and Clark County makes no reference to any specific authority in its Opposition.  The statute is utterly silent as to who has the authority to declare a forfeiture of an elective office.  This is no accident, because other provisions of Nevada law supply the procedure.

Declaring a "forfeiture" of an elected office is manifestly a judicial function performed by the courts by issuing a writ quo warranto.  NRS 35.010 *et seq*.  From its first days as a State, the Nevada Supreme Court has consistently affirmed the right of the courts to declare a forfeiture under a writ quo warranto.  *See e.g.*, *State ex rel. Haydon v. Curry*, 1 Nev. 251-52 (1865) (adjudicating statute passed by NV Territorial Legislature calling for automatic forfeiture of franchise by way of quo warranto); *see also*, *State v. Haskell*, 14 Nev. 209, 210 (1879) (state bears burden of proof to have court declare forfeiture of franchise under quo warranto).

More recently, NRS 35.010(2) codifies this unique power and provides that "[a] civil action may be brought in the name of the State [a]gainst a public officer…who does or suffers an act which, by the provisions of law, <u>works a forfeiture of the office</u>."  (Emphasis added.)

The modern Nevada Supreme Court has been remarkably consistent and protective of the solitary power of the judiciary to declare the forfeiture of an elected office.  "Quo warranto generally is available to challenge an individual's right to hold office and to oust the individual from the office if the individual's claim to it is invalid or <u>has been forfeited</u>."  *Lueck v. Teuton* (*In re Teuton*), 219 P.3d 895, 897 (2009).  "Quo warranto is an ancient common law writ and remedy to determine the right to the use or exercise of a franchise or office and to oust the holder from its enjoyment…<u>if he or she has forfeited his or her right to enjoy the privilege</u>."  *Heller v. Legislature*, 93 P.3d 746, 751 (2004) (citations and quotations omitted; emphasis added); *see also*, *Halverson v. Hardcastle*, 163 P.3d 428, 437 n. 8 (2007).  The *Heller* Court further elaborated on the ancient judicial authority to issue a writ quo warranto, asserting that not even the Legislature can infringe upon the court's power.  *Heller*, 93 P.3d at 751.

ASHCRAFT & BARR | LLP

2300 WEST SAHARA AVENUE • STE 900 • LAS VEGAS, NV 89102
702.631.7555
ASHCRAFTBARR.COM

Clark County, however, asserts that it somehow has this power by talismanically invoking the word, "forfeit," in NRS 258.007(2), as if the Legislature's mere use of the word confers on the Board some judicial authority because the Legislature allegedly "intended the provision to be self-executing." [Opp. 10:21-22.] For this dubious proposition, Clark County references a 1941 Missouri case, an 1873 California case, and an 1878 New York case, notably failing to cite to a single Nevada opinion. [Opp. 10:20-28.]

In addition to the dearth of Nevada authorities in support of its position, Clark County's argument fails for five reasons:

First, this line of reasoning ignores the plain language of NRS 35.010(2) that "[a] civil action may be brought in the name of the State [a]gainst a public officer…who does or suffers an act which, by the provisions of law, works a forfeiture of the office." Indeed, the phrase, "by the provisions of law," can fairly mean "self-executing." Thus, NRS 35.010(2) applies to "self-executing" forfeitures, like NRS 258.007(2), that arise by operation of law.

In addition, it further ignores the modern interpretation of the powers of the courts set out in *Heller* and *Lueck*. It also completely disregards examples stretching back to the State's earliest days in the Union that the courts hold the power to declare a forfeiture.

Second, Clark County's position also ignores a canon of statutory construction that statutes must be read to make them "consistent and harmonious." *Rose v. First Federal Sav. & Loan Ass'n*, 777 P.2d 1318, 1319 (1989) (internal quotations and citations omitted). Clark County's position is this: an allegedly "self-executing" statute somehow grants Clark County the judicial power to "declare that Robert L. Eliason…has forfeited his office." But this position directly contravenes NRS 35.010(2)'s requirement that the courts adjudicate a civil action "against a public officer…who does or suffers an act which, by the provisions of law, works a forfeiture of the office." Clark County's reading of NRS 258.007(2) cannot be reconciled with NRS 35.010(2). Indeed, there is nothing consistent or harmonious here. In contrast, Mr. Eliason's argument does. The Nevada Attorney General has standing to fill a

Ashcraft & Barr | LLP

2300 West Sahara Avenue • Ste 900 • Las Vegas, NV 89102
702.631.7555        AshcraftBarr.com

writ; the Court has the power to adjudicate that writ once it is filed; and Clark County can fill a vacancy if the Court so declares.

Third, Clark County's position belies its own actions. Clark County nakedly asserts that NRS 258.007(2) is "self-executing." By "self-executing," Clark County means that the purported forfeiture occurs "without the necessity of a judicial declaration or <u>imprimatur of any other municipal entity</u>." [Opp. 10:27 (emphasis added).] Agenda Item 67--declaring "that Robert L. Eliason has forfeited his office"—is exactly an "imprimatur" that Clark County argues is unnecessary.

If Clark County truly believed that the forfeiture occurred without the necessity of any other action, then there is no reason for Item 67. If NRS 258.007(2) operates like Clark County insists, there is no reason for Clark County or anyone to "declare" anything.

But Clark County's action belies its current argument: arguing on one hand that there is no need for a declaration of a forfeiture because such forfeiture is "self-executing," and then arguing on the other hand, that the statute grants Clark County, alone (and not the courts), the authority to declare a forfeiture.

Fourth, Clark County's reliance on a recent Attorney General's Opinion, AGO 2017-14 is misplaced. As a preliminary matter, opinions of the Nevada Attorney General are not binding on the Nevada Judiciary. *Univ. & Cmty. Coll. Sys. v. DR Ptnrs*, 18 P.3d 1042, 1048 (2001). In addition to the extent it applies at all, AGO 2017-14 serves only to confirm that the Nevada courts--and <u>only the Nevada courts</u>--have the power to remove an elected official from office; Clark County does not possess that authority. Thus, AGO 2017-14 further weakens Clark County's position in this case.

Finally, Clark County's position defies public policy considerations. Declaring a forfeiture of an elected officer's office disrupts the democratic process. In this case, it nullifies the votes of 220,000 residents of North Las Vegas, and the action should not be undertaken lightly. Nevertheless, there are legitimate occasions for doing so. The wisdom of the writ quo warranto (gained by centuries of application) balances these competing interests. Quo

warranto properly implicates all three branches of government:  The state legislative branch passes legislation to enumerate when an elected office is forfeit.  The state executive branch determines when to bring a judicial action to declare an elected office forfeit under the legislature's laws.  The state judicial branch adjudicates the fairness of the forfeiture, with all of its attendant procedural protections (rules of evidence, burden of proof, etc.).  Clark County's unilateral action implicates none of these checks and balances. "Quo warranto generally is available to challenge an individual's right to hold office and to oust the individual from the office if the individual's claim to it is invalid <u>or has been forfeited</u>.  *Lueck v. Teuton (In re Teuton)*, 219 P.3d 895, 898 (Nev. 2009) (emphasis added.)

Moreover, Clark County does not even possess the standing to file a writ quo warranto. In this case, standing to institute a civil action for quo warranto rests solely with the Attorney General at the direction of the Governor.  NRS 35.030; *see also*, *Lueck v. Teuton* (*In re Teuton*), 219 P.3d 895, 898 (2009) (no general standing to request writ quo warranto).

## IV.    CONCLUSION

In accordance with the State Court's Preliminary Injunction, a judgment from this Court is appropriate to declare the following:  (1) only the Nevada State courts may declare a forfeiture of an elected official's office; (2) Clark County possesses no unilateral authority under Nevada law to "declare that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists"; and (3) Agenda Item 67 on the July 18, 2017 County Commission Meeting, which seeks to "declare that that Robert L. Eliason, the elected North Las Vegas Constable, has forfeited his office and that a vacancy in such office exists," is illegal under Nevada law.

DATED this 7th day of September, 2018.

ASHCRAFT & BARR | LLP
*/s/ Jeffrey F. Barr*
JEFFREY F. BARR, ESQ.
Nevada Bar No. 7269
*Attorneys for Plaintiff Robert Eliason*

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of September, 2018, I served the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT**, to those parties registered and listed on the CM/ECF electronic case filing, and for those not listed, by first class mail, postage pre-paid, to the following:

Thomas D. Dillard, Esq.
OLSON, CANNON, GORMLEY,
 ANGULO & STOBERSKI
9950 W. Cheyenne Ave.
Las Vegas, NV 89129
*Attorneys for Defendant Clark County*

Michael D. Jensen, Sr. Deputy Atty. General
OFFICE OF THE ATTORNEY GENERAL
555 Wright Way
Carson City, NV 89711
*Attorneys for Defendant State of Nevada ex rel.*
*Nevada Commission on Peace Officers' Standards & Training*


      */s/ Michelle Harrell*
      An Employee of ASHCRAFT & BARR | LLP

# Exhibit G

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:    702-383-0701
tdillard@ocgas.com

Attorneys for Defendant
CLARK COUNTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \*

ROBERT ELIASON, an individual and in his
official capacity as Constable of North Las
Vegas Township,

               Plaintiff,

vs.

CLARK COUNTY, a political subdivision of
the State of Nevada; NEVADA COMMISSION
ON PEACE OFFICER STANDARDS &
TRAINING,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:17-cv-3017-JAD-CWH

## REPLY TO CLARK COUNTY'S COUNTER MOTION FOR RECONSIDERATION OF THE ORDER GRANTING PLAINTIFF A PRELIMINARY INJUNCTION

COMES NOW Defendant CLARK COUNTY, by and through its counsel of record,

THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON, CANNON, GORMLEY,

ANGULO & STOBERSKI and hereby replies to Plaintiff's Opposition to the Counter Motion for

Reconsideration of the State Court Order [#48].

      This Reply is made and based upon all the pleadings and papers on file herein, the

attached points and authorities, together with any argument that may be introduced at the time of

hearing this matter.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Clark County maintains that the state district court misinterpreted NRS 258.007 by viewing it through the lens of quo warranto alone and markedly aggravated this error when it embraced the unnecessary *dicta* placed in the order by Plaintiff; to wit, stating that *quo warranto* is the exclusive remedy to oust a Nevada public official from office. Plaintiff continues to employ this same tactic by requesting an order that arguably elevates the exclusive remedy *dicta* to immunize Plaintiff for his failure to become a category II peace officer. Plaintiff has made no argument to support the assertion that *quo warranto* is the only "proper procedure for determining a forfeiture of office ." The Court should now grant Clark County's counter motion by making clear that at least a portion of the state court order is legally unsound and that Clark County has alternative statutory authority to take action to remove Plaintiff from office pursuant to both NRS 283.440 (removal for nonfeasance) and NRS 258.010(3) (abolishing the office).

## II.   LEGAL ARGUMENT

### A.   The District Court's Order Granting a Preliminary Injunction is Still an Appealable Determination.

Plaintiff suggests the District Court is constrained from reaching any different conclusion than did the Eighth Judicial District Court when it granted Plaintiff's motion for preliminary injunction and also denied his petition for a writ without prejudice. Plaintiff's argument that the order granting the preliminary injunction is final because Clark County did not file a notice of interlocutory appeal is not well taken. Clark County, to be sure, has the legal right to appeal the propriety of the order granting a preliminary injunction following the issuance of a final order in this case. See Securities and Exchange Commission v. Murphy, 626 F.2d 633, 637 n. 1 (9th Cir. 1980)("Once an order of permanent injunction is entered, the preliminary injunction merges with it and appeal may be had only from the order of permanent injunction."); Alliance for Americas Future v. State, 128 Nev. 878, 381 P.3d 588 (2012)(unpublished)("On an appeal from a final, fully litigated judgment, rather than a hastily wrought preliminary injunction, this court's analysis would be fully informed, not piecemeal, which is of benefit to the public and the parties alike.").

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1  Therefore, Plaintiff is simply incorrect in his assertion that Clark County has waived its appeal

2  rights and therefore the order is immune from appellate review notwithstanding the fact that the

3  case is still pending with this Honorable Court. Clark County can appeal the order if it becomes

4  part of a permanent injunction as Plaintiff is attempting to do right now.

5      This Court is therefore not handcuffed in any way in independently reviewing the

6  pertinent legal issues involving statutory interpretation because the preliminary injunction order

7  is not final and is still subject to appellate review. In fact, Clark County further has no objection

8  to the position of the Nevada Peace Officer Standards & Training to certify the pertinent legal

9  issues regarding statutory interpretation to the Nevada Supreme Court now for review and

10  instruction.

11  **B.**   **Plaintiff Made No Argument to Support the Position that Quo Warranto is
         the Exclusive Remedy to Challenge the Authority of a County Official to
         Hold Office.**

14      Throughout the state court case and with his motion for a declaratory judgment, Plaintiff

15  attempts to exclusively limit the procedure for the removal of the North Las Vegas Constable

16  from office to the procedure prescribed by NRS 35.010, or *quo warranto* because Clark County

17  does not have standing under that statute to remove Plaintiff from office. Clark County's

18  opposition made clear that *quo warranto* is not the only "proper procedure for determining a

19  forfeiture of office " and this argument is plainly inconsistent with Nevada statutory law because

20  Clark County has alternative statutory authority to take action to remove Plaintiff from office

21  pursuant to both NRS 283.440 (removal for nonfeasance) and NRS 258.010(3) (abolishing the

22  office).  Plaintiff failed to address either of these statutes and instead makes the generalized

23  assertion that Clark County lacks standing to declare forfeiture of the office. Plaintiff seemingly

24  is being purposefully vague in an attempt to extend the state court order and seek an order from

25  this Court that stands contrary to the law with regard to these other statutes or that, at least, raises

26  the prospect that Clark County will be in violation of a court order if it moves forward on the

27  rights it has under either NRS 283.330 or NRS 258.010.

28      Regardless of this Court's view of the meaning and scope of NRS 258.007(2)(stating "[i]f

1    a constable does not comply [with the mandatory training requirements of subsection 1], the

2    constable forfeits his or her office and a vacancy is created which must be filled"), any order in

3    this case should be careful not to embrace the error-filled dicta in the state court order and make

4    clear that Clark County's statutory rights under these other two statutes remain unimpaired.

5    Plaintiff's intentional failure to address these legal arguments make clear that there is no

6    colorable argument to suggest that Plaintiff can only be removed pursuant to quo warranto and

7    the only persons with standing to do so is the State and a person holding some right to the office

8    itself.

      **C.**     **The Nevada Legislature Mandated Plaintiff Had to Become a Category II**
            **Police Officer Within 1.5 Years of Being Elected at the Latest or His Office**
            **Would Be Forfeited and the BCC Must Then Fill The Vacant Office.**

12         The plain text of NRS 258.007 states that the Constable ipso facto forfeits his office when

13    he does not have a category II police officer certification by the time period set forth in the

14    statute. NRS 258.007 states:

    (1)     Each constable of a township whose population is 100,000 or more and
          which is located in a county whose population is 700,000 or more, . . .
          **shall** become certified by the Peace Officers' Standards and Training
          Commission as a category II police officer within 1 year after the date on
          which the constable commences his or her term of office or appointment
          unless the commission, for good cause shown, grants in writing an
          extension of time, which must not exceed 6 months.

    (2)     If a constable does not comply with the provisions of subsection 1, the
          constable **forfeits his or her office and a vacancy is created** which **must**
          **be filled** in accordance with NRS 258.030 [by the board of county
          commissioners]. (emphasis added).

21    Plaintiff immediately forfeited office when he failed to become certified by Nevada POST as a

22    category II police officer after his six month extension lapsed (facts which are undisputed).

23         Plaintiff has insisted that the language in this statute that was initially introduced in 2013

24    and amended in 2015 must nonetheless be governed by the codification of the common law

25    doctrine of *quo warranto* in NRS 35.010 (which is based upon limited standing extended only to

26    the State and a person with a personal interest in holding the office). However, the automatic

27    forfeiture meaning of the word "forfeits" in section (2) is consistent with other more applicable

28    common law; specifically, common law held that residency is a requirement of election to office

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

and the requirement is continuous. As such, any change of residency automatically vacates the county office.[1] See, e.g., Salamanca Township v. Wilson, 109 U.S. 627, 628-29 (1883) (ceasing to be a resident results in vacancy). A myriad of jurisdictions have followed suit by enacting statutes that holding that a public officer automatically forfeits his or her office and can no longer serve the public upon the occurrence of a particular condition. Public official being convicted of a felony offense or announcing candidacy for another office are examples of types of disqualifying conditions utilized in office forfeiture statutes. See Stipe v. State ex rel. Bd. of Trustees of Oklahoma Public Employees Retirement System,188 P.3d 120, 123 (Okla. 2003); State v. Musto, 188 N.J. Super. 106, 108, 456 A.2d 114, 115 (1983); Pioneer Mill Co., Ltd., 53 Haw. 496, 498, 497 P.2d 549, 551 (1972); Matsen v. Kaiser, 74 Wash.2d 231, 235, 443 P.2d 843, 846 (1968)(en banc); Commonwealth v. Knox, 172 Pa. Super. 510, 523, 94 A.2d 128, 134 (1953); State ex rel. Giles v. Burke,101 Utah 48, 117 P.2d 454, 455 (1941).

Plaintiff's argument that the case law supporting Clark County's position is sparse is not well taken. Plaintiff fails to identify any other jurisdiction that has rejected the interpretation of the word forfeit in similar statutes. Several other jurisdictions are in accord.

For example, the case of Lipscomb v. Randall, 985 S.W.2d 601 (Tex. Ct. App. 1999) is directly on point. In Lipscomb, the court held that similar "forfeiture" language indicated immediate, instantaneous, and self-executing loss of office without the necessity of further action. In that case, the city charter- like NRS 258.007(2)--provided "a Councilperson shall forfeit his office if he... is convicted of a crime." Id. at 603. A council member was arrested for assaulting his wife, and was convicted. The town council found he had forfeited office by virtue of his conviction, and appointed another person to fill the vacant seat. Id. at 604. The former council member sought and was granted a writ of mandamus, and the trial court ordered that he continue as a council member. Id. The other members of the council appealed, asserting "the charter provision at issue authorizes automatic forfeiture of office upon conviction of a crime

---

[1] See also case citations on pages 10-11 of Clark County's Opposition to Plaintiff's Motion for Declaratory Judgment and Counter Motion for Reconsideration of the Order Granting Plaintiff a Preliminary Injunction [#42 & #43].

involving moral turpitude." Id. The court of appeals agreed and reversed, holding the forfeiture provision was self-enacting and automatic:

> [the] charter provides that "[a] Councilperson shall forfeit his office if he... is convicted of a crime involving moral turpitude." It is undisputed that this provision is self-enacting. Thus, if applicable to [the former council member], the charter provision makes the forfeiture of office automatic upon conviction.

Id. at 605 (citing City of Alamo v. Garcia, 960 S.W.2d 221, 222 (Tex. Ct. App. 1997) (automatic forfeiture based on violation of absenteeism requirement); Harrison v. Chesshir, 316 S.W.2d 909, 914 (Tex. Ct. App. 1958) (automatic forfeiture when officeholder moved out of county), rev'd on other grounds, 320 S.W.2d 814 (Tex. 1959)). The court rejected the forfeited council member's argument that his appeal of the conviction suspended the forfeiture or made it contingent on some future event. The court, therefore, held that under the express provisions of the charter and applicable Texas law, the convicted councilman's seat on the city council was instantly forfeited when he was convicted in municipal court of assaulting his wife. His subsequent appeal to county court did not automatically restore him to office or otherwise entitle him to reclaim the forfeited seat. Lipscomb, 985 S.W.2d at 608.

A similar result occurred in the case of Dalton v. Mosley, 286 S.W.2d 721 (Mo. 1956). The case involved a state statute that provided that an officer who shall "fail or refuse to do or perform any official act or duty which by law it is his duty to do or perform with respect to the execution or enforcement of the criminal laws of the state, shall thereby forfeit his office." Id. at 731. A sheriff was adjudicated guilty of failing to enforce state law, and the court held that by force of this statute "the respondent had automatically lost his right to the office of Sheriff of St. Louis County prior to the institution of this proceeding." Id. The court further explained that after committing the forbidden act and forfeiting the office, the official became a mere "usurper, and thus his ouster must go as a matter of course." Id. at 731-32.

Also, in In re Simmons, 395 P.2d 1013 (Wash. 1964), the pertinent statute, like the instant case, provided that a felony conviction carried with it the automatic forfeiture of a judgeship and created an immediate vacancy in that office. The court held that legal proceedings to remove the official were merely ancillary to and in aid of the forfeiture, and not a condition precedent to the forfeiture. Id. at 1017. See also Alamo v. Strohm, 545 N.Y.S.2d 1 (N.Y.A.D.),

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
a Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

aff'd, 544 N.E.2d 608 (N.Y. 1989) (senator who automatically forfeited seat under state law after conviction of a felony was ineligible to run in the election to fill out his remaining term); 63c Am. Jur. 2d Public Officers and Employees § 165 (2009) ("A provision that an officer who is guilty of specified conduct 'shall thereby forfeit his or her office' is self-executing.") (citing State ex rel. McKittrick v Whittle, 63 S.W.2d 100 (Mo.1933) (state constitution's requirement that official "shall thereby forfeit his or her office" upon some act was self-executing), superseded by statute on other grounds as stated in State ex rel. Attorney Gen. v Shull, 887 S.W.2d 397 (Mo. 1994)).[2]

The reasoning of these authorities and those cited in the opposition brief [#42] are in accord with the text of NRS 258.007(2) stating that failure to become trained and state certified sufficiently to hold the office of constable in the permitted time period causes "the constable forfeits his or her office and a vacancy is created." The statute further makes clear that the Clark County Board of County Commissioners also was doing nothing more than was required under state law which is to fill the vacancy in accordance with NRS 258.030. The state court committed a plain error of law when it superimposed the general quo warranto statute over the specific statute aimed at ensuring constables in urban areas become trained and certified to hold the office–which is clearly directly applicable to the facts here. The court should therefore grant Clark County's counter motion for reconsideration as to the order granting a preliminary injunction only by the state court. Alternatively, the court should certify the legal question to the Nevada Supreme Court as raised by Defendant Nevada Commission On Peace Officer Standards & Training.

---

[2] Just as these cases recognized that a subsequent court proceeding was merely ancillary to and in furtherance of the forfeiture as opposed to a condition precedent to the forfeiture, Plaintiff's argument predicated upon the Board setting this for a public hearing to declare the office forfeited is impertinent as well. The fact that the Board set this matter for a public hearing to discuss and here comment regarding the legal consequences of NRS 258.007 certainly does not negate the legitimacy of the argument that the statute itself was self-executing and triggered when Plaintiff did not get certified 18 months after taking office. The belt and suspender approach taken by the BCC, in affording additional process to Plaintiff than was due, which was obviously beneficial for Plaintiff as well, does not operate as a waiver of the statutory interpretation argument raised in this instant case.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**D.**   **Plaintiff's Participation in a Law Enforcement Function Without Fulfilling POST Training Requirements Presents a Danger to the Public.**

Plaintiff admittedly has failed to complete academy training to become at least a category II peace officer despite the clear mandate to do so within a year of taking office as required by NRS 258.007(1).  Plaintiff has argued that public policy is negatively impacted by the forfeiture provision of NRS 258.007(2) because it will "disrupt the democratic process" by interfering with the North Las Vegas voter's right to select by majority vote the candidate of their choice.  It stands to reason, of course, that those that voted for Plaintiff expected him to follow the law. Moreover, Plaintiff ignores the public policy argument that he poses a risk to the public by acting a law enforcement function without fulfilling the state training requirements to do so.

Plaintiff accordingly is ill-equipped to handle a litany of law enforcement functions while serving in one of the highest populated urban areas in Nevada. Pursuant to NAC 289.150, the State of Nevada has deemed at least 200 hours of training necessary to fulfill this law enforcement function in the following areas:

1. Law and legal procedures, specifically:

    (a)   Civil liability;
    (b)   Constitutional law;
    (c)   Crimes against persons;
    (d)   Crimes against property;
    (e)   Juvenile law;
    (f)   Laws relating to arrest;
    (g)   Laws relating to drugs, including, without limitation, current trends in drugs;
    (h)   Miscellaneous crimes;
    (i)   Probable cause;
    (j)   Rights of victims;
    (k)   Search and seizure; and
    (l)   Use of force.

2. Operations and investigations, specifically:

    (a)   Abuse of elderly persons;
    (b)   Child abuse and sexual abuse of a child;
    (c)   Domestic violence and stalking;
    (d)   Investigation of crime scenes, collection and preservation of evidence and fingerprinting;
    (e)   Principles of investigation; and
    (f)   Techniques of interviewing and interrogation.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

3.   Performance skills, specifically:

    (a)    Health, fitness and wellness;
    (b)    Interpersonal communications;
    (c)    Provision of emergency first aid and cardiopulmonary resuscitation;
    (d)    Tactics for the arrest and control of suspects, including, without limitation, methods for arrest and the use of less than lethal weapons;
    (e)    Training concerning active assailants;
    (f)    Training in the use of firearms; and
    (g)    Writing of reports.

4.   The functions of a peace officer, specifically:

    (a)    Care of persons in custody;
    (b)    Counter-terrorism and weapons of mass destruction;
    (c)    Courtroom demeanor, including, without limitation, the giving of testimony;
    (d)    Crisis intervention;
    (e)    Ethics in law enforcement;
    (f)    Handling of persons with mental illness;
    (g)    History and principles of law enforcement;
    (h)    Management of stress;
    (i)    National Crime Information Center procedures;
    (j)    Survival of peace officers;
    (k)    Systems of criminal justice; and
    (l)    The realities of law enforcement.

5.   Course administration and examinations.

Plaintiff's public policy argument about the right of franchise in support of his position of statutory authority is not well taken. To be sure, the acute danger to the public in permitting a person acting in a law enforcement function to carry a service weapon and take actions that directly affects the property and liberty interests of the public without the requisite training in these key areas is axiomatic. The Nevada legislature certainly shared this view when it required constables serving in urban areas in the State to receive this training on penalty of office forfeiture.  Functioning as an untrained peace officer poses a much greater risk of harm to the public than simply not having an elected candidate complete a full term in office.

/ / /

/ / /

/ / /

/ / /

/ / /

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**III.   CONCLUSION**

IN ACCORDANCE WITH THE FOREGOING, the Court should grant the counter

motion for reconsideration [#43] and issue an order that is both compliant with Nevada law and

furthers the actual text and the important public policy issues that underlie NRS 258.007.

RESPECTFULLY SUBMITTED this __19th__ day of September, 2018.

<div style="margin-left:40%">

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI


By /s/ *Thomas D. Dillard*
    THOMAS D. DILLARD, JR., ESQ.
    Nevada Bar No. 006270
    9950 West Cheyenne Avenue
    Las Vegas, Nevada 89129
    Attorneys for Defendant
    Clark County

</div>

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of September, 2018, I served the above

**REPLY TO CLARK COUNTY'S COUNTER MOTION FOR RECONSIDERATION**

**OF THE ORDER GRANTING PLAINTIFF A PRELIMINARY INJUNCTION** through the

CM/ECF system of the United States District Court for the District of Nevada (or, if necessary,

by U.S. Mail, first class, postage pre-paid), upon the following:

Kelly A. Evans, Esq.
Chard R. Fears, Esq.
EVANS FEARS & SCHUTTERT, LLP
2300 W. Sahara Ave., Ste. 900
Las Vegas, Nevada 89102
P: 702-805-0290
F: 702-805-0291
kevans@efstriallaw.com
cfears@efstriallaw.com

Jeffery F. Barr, Esq.
ASHCRAFT & BARR, LLP
2300 W. Sahara Ave., Ste. 900
Las Vegas, Nevada 89102
P: 702-631-7555
F: 702-631-7556
barrj@ashcraftbarr.com

Attorneys for Plaintiff

Adam Paul Laxalt, Esq.
Attorney General
Michael D. Jenson, Esq.
Senior Deputy Attorney General
555 Wright Way
Carson City, Nevada 89711
P: 775-684-4603
F: 775-684-4601
mjensen@ag.nv.gov
Attorneys for Defendant
Nevada Commission on Peace
Officer Standards & Training

/s/ *Melissa Burgener*
An Employee of Olson, Cannon, Gormley,
Angulo & Stoberski